*In re* JOSÉ FRANCISCO CARDONA VEGUET.

*Número:* TS-15,475      *Resuelto:* 10 de marzo de 2015

*Geisa M. Marrero Martínez*, en informe.

PER CURIAM: En esta ocasión nos vemos forzados a ordenar la suspensión indefinida de un miembro de la profesión legal por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC), así como por hacer caso omiso a los requerimientos del PEJC y de este Tribunal. No podemos tomar otro curso de acción ante la conducta irreverente demostrada en el trámite que exponemos a continuación.

I

El Lcdo. José F. Cardona Veguet fue admitido al ejercicio de la abogacía el 23 de agosto de 2005.([1]) De su expediente personal se desprende que no cumplió con los requisitos del PEJC para el periodo del 1 de agosto de 2007 al 31 de julio de 2009. Por dicho incumplimiento, el 3 de septiembre de 2009 el PEJC envió al licenciado Cardona Veguet un Aviso de Incumplimiento, mediante el cual se le concedieron —entre otras alternativas— 60 días adicionales para que tomara los cursos necesarios a los fines de cumplir con el periodo de referencia.

El término transcurrió sin que el licenciado Cardona Veguet cumpliera con los requisitos del PEJC. Cabe mencio-

---

([1]) El licenciado Cardona Veguet renunció voluntariamente al ejercicio de la notaría mediante carta de 25 de septiembre de 2009. Aprobamos la renuncia mediante Resolución de 29 de diciembre de 2009, una vez tomamos conocimiento de que su obra notarial se examinó, aprobó y entregó al Archivo General de Protocolos del Distrito Notarial de San Juan.

nar que tampoco pagó la cuota relacionada con el cumplimiento tardío. Así las cosas, el 1 de septiembre de 2011 el PEJC cursó al licenciado Cardona Veguet una citación para una vista informal que se celebraría el 30 de septiembre de 2011. Llegado el día de la vista, el licenciado Cardona Veguet no compareció. En consecuencia, el Oficial Examinador recomendó remitir el asunto a nuestra consideración. Posteriormente, el 12 de marzo de 2014 el PEJC le notificó al licenciado Cardona Veguet el *Informe (no comparecencia)* de la vista informal y le concedió un término adicional de 30 días para cumplir con el requerimiento de cursos antes de tomar acciones ulteriores. El licenciado Cardona Veguet tampoco contestó esta comunicación.

Como resultado de este cuadro fáctico, el 10 de octubre de 2014 la Directora del PEJC, en representación de la Junta de Educación Jurídica Continua, presentó ante este Tribunal un Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua. En dicho Informe expuso los trámites que anteceden en cuanto al licenciado Cardona Veguet y manifestó su preocupación por la actitud pasiva que este último había demostrado en cumplir con los requisitos del PEJC y atender sus comunicaciones. Nos solicitó que tomáramos conocimiento del proceso de incumplimiento del licenciado Cardona Veguet y que le concediéramos un término final para cumplir con los requisitos del PEJC.[2]

En atención a ello, mediante Resolución de 20 de octubre de 2014 —notificada el 21 de octubre de 2014— le otorgamos al licenciado Cardona Veguet un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante este programa cuando se le requirió. El licenciado Cardona Veguet no respondió a nuestro llamado.

---

[2] Asimismo, surge del Informe presentado por la Directora del Programa de Educación Jurídica Continua (PEJC) que el licenciado Cardona Vaguet tampoco cumplió con los requisitos reglamentarios del PEJC para el periodo del 1 de agosto de 2011 al 31 de julio de 2013.

Es importante destacar que todas las comunicaciones previamente mencionadas se cursaron a la dirección postal del licenciado Cardona Veguet que consta en el Registro Único de Abogados y Abogadas (RUA) y ninguna fue devuelta. Examinemos la normativa aplicable a este asunto.

## II

En nuestra jurisdicción, los abogados y las abogadas tienen la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional [...]".[3] En virtud de nuestro poder inherente para reglamentar la profesión de la abogacía y en sintonía con el deber antes expuesto, este Tribunal adoptó el Reglamento de Educación Jurídica Continua[4] y, posteriormente, el Reglamento del Programa de Educación Jurídica Continua (Reglamento del PEJC).[5]

El propósito primordial para la adopción de dichos cuerpos reglamentarios fue establecer un programa de educación jurídica continua que contribuyera al mejoramiento profesional de los abogados y las abogadas, así como a la actualización de sus conocimientos y destrezas jurídicas.[6] Todo ello a los fines de fomentar el ejercicio de la profesión dentro de los más altos niveles de calidad y competencia.[7]

El Reglamento del PEJC exige a los profesionales del derecho admitidos a la práctica que, de no estar exentos, aprueben como mínimo 24 horas crédito en cursos sobre educación jurídica. Estos cursos son acreditables cada

---

[3] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX.

[4] Véase *In re Regl. Educ. Jur. Cont.*, 146 DPR 494 (1998).

[5] Véase *In re Aprobación Regl. Prog. Educ. Jur.*, 164 DPR 555 (2005).

[6] Íd.

[7] Íd.

dos años.[8] Dispone, además, que todo profesional del Derecho debe presentar ante la Junta de Educación Jurídica Continua un informe que acredite el cumplimiento de las 24 horas crédito luego de los 30 días siguientes a la terminación de cada periodo de cumplimiento.[9]

■ Cuando algún miembro de la profesión no cumple con los requisitos del PEJC, como primer paso, la Junta de Educación Jurídica Continua le envía un Aviso de Incumplimiento.[10] Como alternativa de cumplimiento, el Reglamento del PEJC permite que los abogados puedan cumplir tardíamente con las obligaciones que les impone dicho programa. Para ello es necesario presentar un escrito en el cual se expliquen las razones de la tardanza y se pague la cuota correspondiente dentro de los 30 días siguientes a la notificación del Aviso de Incumplimiento.[11]

En caso de que el abogado no cumpla con lo requerido, la Junta de Educación Jurídica Continua lo cita a una vista informal en la que podrá presentar prueba y exponer las razones que justifican su proceder.[12] Si el abogado no comparece a la celebración de la vista, el asunto se remite a la consideración de este Tribunal.[13] En el pasado hemos ejercido nuestra facultad disciplinaria para suspender del ejercicio de la profesión a abogados y abogadas que no cumplen con los requisitos del PEJC ni atienden sus requerimientos, así como las órdenes de este Tribunal. Véanse: *In re Del Campo Alomar*, 188 DPR 587 (2013); *In re Piñeiro Vega*, 188 DPR 77 (2013); *In re Grau Collazo*, 185 DPR 938 (2012).

■ En este contexto, el Canon 9 del Código de Ética Profesional exige que la conducta de los abogados hacia los

---

[8] Regla 5(9) del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC), 4 LPRA Ap. XVII-E. Véase, además, Regla 6 del Reglamento de Educación Jurídica Continua de 1998, 4 LPRA Ap. XVII-D.

[9] Regla 28 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

[10] Regla 29 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

[11] Regla 30 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

[12] Reglas 31 y 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

[13] Regla 32 del Reglamento del PEJC, supra.

tribunales se caracterice por el mayor respeto.([14]) De este precepto emana la ineludible obligación de los miembros de la profesión legal de responder oportunamente a los requerimientos de este Tribunal. *In re García Ortiz*, 187 DPR 507, 524 (2012); *In re Grau Collazo,* supra, págs. 943–944; *In re Ramírez Ferrer*, 183 DPR 382, 384 (2011).

En infinidad de ocasiones hemos reiterado que no atender las órdenes de este Tribunal tiene como consecuencia la suspensión del ejercicio de la profesión, pues demuestra dejadez e indiferencia a nuestros apercibimientos. *In re Massanet Rodríguez*, 188 DPR 116, 125 (2013); *In re Fidalgo Córdova*, 183 DPR 217, 222 (2011); *In re Fiel Martínez*, 180 DPR 426, 430 (2010). De igual forma, la actitud de no cumplir con las órdenes del Tribunal denota menosprecio hacia nuestra autoridad, por lo cual dicha conducta constituye una violación al Canon 9 de Ética Profesional, *supra. In re Guzmán Rodríguez*, 187 DPR 826, 829 (2013); *In re Fiel Martínez*, supra, págs. 430–431.

A pesar de ser enfáticos con la norma antes señalada, en repetidas ocasiones nos hemos visto obligados a suspender abogados y abogadas por mostrar una actitud de indiferencia y dejadez con relación a nuestros requerimientos. *In re Mendoza Ramírez*, 188 DPR 244, 249 (2013); *In re Colón Olivo*, 187 DPR 659, 663 (2013); *In re Rodríguez Salas*, 181 DPR 579, 581 (2011); *In re Rodríguez Rodríguez*, 180 DPR 841, 843–844 (2011). Apliquemos este marco legal a los hechos ante nuestra consideración.

## III

Según mencionamos, el licenciado Cardona Veguet no cumplió con las horas crédito requeridas por el Reglamento del PEJC durante el periodo del 1 de agosto de 2007 al 31 de julio de 2009. Surge del expediente que el licenciado

---

([14]) 4 LPRA Ap. IX, C. 9.

Cardona Veguet no tomó ningún curso de educación jurídica continua en el referido periodo. Al licenciado Cardona Veguet se le concedió la oportunidad para cumplir con su obligación y tiempo en exceso razonable para ello: (1) el 3 de septiembre 2009 el PEJC le cursó un Aviso de Incumplimiento, en el cual le concedió 60 días adicionales para cumplir con las horas crédito requeridas; (2) transcurridos casi 2 años, el 1 de septiembre de 2011 el PEJC lo citó para la celebración de una vista informal el 30 de septiembre de 2011, a la cual no compareció, y (3) posteriormente, el 12 de marzo de 2014, el PEJC envió al licenciado Cardona Veguet el informe de la vista informal y le concedió 30 días adicionales para cumplir con los cursos jurídicos.

El licenciado Cardona Veguet no contestó ninguna de las tres comunicaciones arriba indicadas. Ignoró las oportunidades que le concedió el PEJC para evitar una medida disciplinaria en su contra.

Ante la falta de diligencia desplegada por el licenciado Cardona Veguet, la Directora del PEJC acudió ante nosotros y solicitó nuestro auxilio para que el licenciado Cardona Veguet atendiera los requerimientos y cumpliera con su obligación como miembro de la profesión de la abogacía. Este Tribunal emitió una Resolución el 20 de octubre de 2014, notificada al día siguiente, mediante la cual le otorgamos al licenciado Cardona Veguet 20 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Igualmente, el licenciado Cardona Veguet ignoró el reclamo de este Tribunal.

Todas las comunicaciones cursadas al licenciado Cardona Veguet se remitieron a la dirección de correo postal que surge del RUA y ninguna fue devuelta. No podemos tolerar que miembros de la profesión legal actúen con indiferencia y despreocupación ante sus obligaciones y, más aún, ante los requerimientos de este Tribunal. A pesar de que le ordenamos al licenciado Cardona Veguet mostrar causa por la que no debía ser suspendido del ejercicio de la

abogacía, este hizo caso omiso a nuestro llamado, mostrando así menosprecio a nuestra autoridad.

Todo lo anterior nos obliga a decretar *la suspensión inmediata e indefinida del licenciado Cardona Veguet del ejercicio de la abogacía. Así pues, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión "per curiam" y sentencia.*

*Se dictará sentencia de conformidad.*