per curiam:
Al ingresar en la noble profesión de la abogacía nos comprometemos a cumplir cabalmente con los cánones que establecen las normas mínimas de conducta que han de regir el desempeño de nuestra labor. In re Reyes Coreano, 190 DPR 739 (2014). No obstante, lamentablemente hemos tenido que ser testigos de innumerables escenarios en los que algunos miembros de la profesión se han apartado de dichas directrices. El caso ante nos es uno de ellos. Luego de analizar los incidentes fácticos que acompañan la presente opinión, nos vemos obligados a suspender inmediata e indefinidamente a otro abogado por ignorar los requerimientos de este Foro.
I
El Ledo. Arturo Luis Dávila Toro (licenciado Dávila Toro) fue admitido al ejercicio de la abogacía el 13 de agosto de 1986. El 29 de abril de 2008, el Sr. Luis E. Navarro Torres y la Sra. Brenda Cotto Rosado presentaron una queja en su contra por la conducta desplegada por éste en un caso de cobro de dinero y ejecución de hipoteca en el que los representó (AB-2008-106). El 23 de mayo de 2008, la Secretaria de este Tribunal le envió una notificación al letrado informándole sobre la queja presentada y concediéndole un término de diez días para contestarla.(1) Por no haber recibido contestación alguna de parte del togado, el *161 20 de agosto de 2008, le envió un segundo comunicado otorgándole un término adicional de diez días. No obstante, el licenciado tampoco compareció, por lo que mediante Resolución de 18 de septiembre de 2008, le concedimos un término final de diez días para contestar la queja.(2) El licenciado Dávila Toro finalmente presentó su contestación a la queja el 9 de febrero de 2009.
Así las cosas, el 12 de mayo de 2009 le referimos a la Procuradora General el expediente de la queja de referencia para que realizara la investigación pertinente y sometiera el correspondiente informe de acuerdo con la Regla 14(d) de nuestro Reglamento.(3) En conformidad con lo anterior, el 29 de junio de 2010, la Procuradora General sometió el informe.
Mientras se desarrollaban los anteriores acontecimientos, el 30 de agosto de 2010 suspendimos al licenciado Dávila Toro del ejercicio de la abogacía por el término de tres meses por reiterados incumplimientos con las órdenes del Tribunal de Apelaciones durante el trámite de Pueblo v. David Santiago Ortiz, KLAN200501159 (Canon 9 del Código de Etica Profesional) y por presentar el recurso de apelación transcurrido el término jurisdiccional para ello, lo que provocó su desestimación (Canon 18 del Código de Ética Profesional).(4) Véase In re Dávila Toro, 179 DPR 833 (2010).
Cumplido en exceso el término impuesto como sanción, el 21 de febrero de 2012, el licenciado Dávila Toro solicitó la reinstalación. Atendida su solicitud, el 29 de febrero de 2012 emitimos una Resolución en la que denegamos su solicitud y, entre otros asuntos, ordenamos al Procurador General proseguir con el trámite del caso AB-2008-106 antes reseñado. El Procurador General indicó que dicho caso ha *162 bía sido archivado administrativamente como resultado de la suspensión antes indicada, pero que el Informe correspondiente había sido presentado desde el 29 de junio de 2010.(5) Por dicha razón, el 25 de mayo de 2012 ordenamos al licenciado Dávila Toro contestar el Informe en el término de treinta días.
El 13 de julio de 2012, el licenciado Dávila Toro presentó una Segunda Solicitud de Reinstalación al Ejercicio de la Abogacía en la que reafirmó su interés de reintegrarse a la práctica de la profesión. Argüyó que, además de haber cumplido con el término de suspensión y haber pagado las sanciones impuestas, conforme a la jurisprudencia de este Foro debía ser reinstalado al ejercicio de la abogacía para poder responder por los asuntos disciplinarios que tenía pendientes. Solicitó, además, los documentos de la Queja AB-2008-106, el Informe sometido por el Procurador General y un término de sesenta días para formular su contestación.
Examinados los planteamientos expuestos en su segunda solicitud de reinstalación, el 21 de diciembre de 2012 reinstalamos al licenciado Dávila Toro al ejercicio de la abogacía. En la Resolución se le instó, además, a acudir a la Oficina del Procurador General para obtener la información relativa a la Queja AB-2008-106 y se le concedieron treinta días para contestar el Informe, según intimado anteriormente. Sin embargo, el 28 de enero de 2013, el letrado solicitó una extensión del periodo concedido para responder. En conformidad con lo solicitado, el 22 de febrero de 2013, le concedimos diez días adicionales.
En consideración a que el licenciado Dávila Toro no presentó su contestación en el tiempo concedido, el 12 de septiembre de 2013, la Procuradora General compareció ante nos para solicitar que se continuara con el trámite de rigor. En una nota al calce de la moción nos informó, además, *163 que éste no había acudido a su oficina a obtener la información relacionada con la queja, según se le había instruido. Atendida la moción, el 28 de febrero de 2014 se le concedió al letrado un término final de quince días para contestar el Informe. Se le apercibió que su incumplimiento podría conllevar sanciones disciplinarias, incluso suspenderlo del ejercicio de la profesión.(6)
A pesar de nuestro apercibimiento, el licenciado Dávila Toro no compareció en el tiempo otorgado, razón por la cual el 23 de abril de 2014, la Procuradora General nos sometió una Moción Informativa en Solicitud de Determinación para enterarnos de la incomparecencia del letrado y emitiéramos la determinación u orden que estimáramos procedente. Cónsono con lo anterior y en consideración a que ha transcurrido en exceso de un año desde el “último término” concedido sin que hayamos recibido noticias del licenciado Dávila Toro, pasamos a disponer del asunto de las incomparecencias conforme lo dispone nuestro ordenamiento jurídico.
hH h-H
El ejercicio de la profesión legal requiere del abogado una atención puntual y una cabal obediencia a las órdenes de este Tribunal. In re Machado Echevarría, 192 DPR 526 (2015). Dicho deber emerge de los preceptos establecidos en el Canon 9 del Código de Etica Profesional, 4 LPRAAp. IX. In re Cardona Veguet, 192 DPR 532 (2015). El Canon 9 dispone que “ [e] 1 abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto”. Asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola dicho canon. In re Cardona Veguet, supra.
*164 A base de ello, consecuentemente hemos insistido en la obligación de todo abogado de responder diligente y oportunamente a las órdenes de este Tribunal, con particular atención a aquellos requerimientos emitidos dentro de un procedimiento disciplinario en el que se cuestione su conducta. In re Rivera Sepúlveda, 192 DPR 985 (2015); In re Pestaña Segovia, 192 DPR 485 (2015); In re Irizarry Irizarry, 190 DPR 368 (2014). Además, según hemos expresado, dicho deber es completamente independiente de los méritos que finalmente pueda tener la queja presentada. In re Pestaña Segovia, supra.
Por lo tanto, la desatención y la indiferencia a nuestras órdenes, y más cuando van acompañadas del apercibimiento de sanciones disciplinarias, constituyen causa suficiente para la suspensión inmediata del ejercicio de la profesión. In re Irizarry Irizarry, supra. Este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad. In re Maldonado Nieves, 192 DPR 973 (2015). Dicha conducta constituye un curso de acción inaceptable que acarrea la suspensión inmediata de la práctica jurídica. In re Vera Vélez, 192 DPR 216 (2015).
hH hH I—I
A lo largo de todo el proceso disciplinario atinente a la queja AB-2008-106, se le concedieron al licenciado Dávila Toro múltiples oportunidades para contestar nuestros requerimientos. Sin embargo, éste asumió una actitud predominantemente indiferente. En particular, desde mayo del 2012 se le cursaron varios avisos en los que se le ordenaba responder al Informe sometido por el Procurador General, a los que hizo caso omiso. En diciembre de 2012, lo reinstalamos como abogado, según solicitado, con el propósito de que contestara los asuntos disciplinarios que tenía pendientes, pero dicho hecho no varió su actitud de indo *165 lencia y dejadez. Peor aún, a pesar de que en febrero de 2014 se le concedió un término final de 15 días y se le apercibió de que su incomparecencia podría conllevar la imposición de sanciones disciplinarias, éste tampoco cumplió con lo ordenado.
Adicional a lo anterior, debemos tener en cuenta que la última suspensión del licenciado Dávila Toro se debió, precisamente, a que no contestó los requerimientos del Tribunal de Apelaciones cuando se le ordenó.(7) Con la conducta antes reseñada, sin lugar a dudas, el licenciado Dávila Toro se apartó de los deberes impuestos por el Canon 9 del Código de Ética Profesional.
IV
Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida del Ledo. Arturo Luis Dávila Toro del ejercicio de la abogacía. Le ordenamos notificar a todos sus clientes de su inhabilidad para seguir representándolos y devolverles tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar a este Foro el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión “per curiam” y Sentencia. La Oficina del Alguacil de este Tribunal notificará personalmente esta Opinión “per curiam” al Ledo. Arturo Luis Dávila Toro.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 Al Ledo. Arturo Luis Dávila Toro (licenciado Dávila Toro) se le entregó personalmente dicha misiva el 25 de junio de 2008.

 Del expediente surge que el 1 de diciembre de 2008 se le notificó personalmente la misma.

 4 LPRAAp. XXI-B.

 Incumplió, además, con una sanción impuesta por dicho foro por la conducta exhibida.

 La Queja AB-2008-106 se archivó administrativamente mediante Resolución emitida el 30 de septiembre de 2010.

 La Resolución de 28 de febrero de 2014 se le notificó personalmente al licenciado Dávila Toro el 18 de marzo de 2014.

 Tal y como reseñamos en las incidencias procesales de la Opinión per curiam anterior, In re Dávila Toro, 179 DPR 833 (2010), en aquel momento el licenciado Dávila Toro también hizo caso omiso a varias Resoluciones emitidas por este Tribunal durante el procedimiento disciplinario.