*In re* ROBERTO O. MALDONADO NIEVES, querellado.

*Número:* AB-2013-51          *Resuelto:* 23 de abril de 2015

*Karla Z. Pacheco Álvarez*, subprocuradora general, en informe; *Roberto O. Maldonado Nieves, pro se.*

PER CURIAM: En esta ocasión, nuevamente estamos obligados a ordenar la suspensión de un miembro de la profesión legal de la práctica de la abogacía debido a un patrón de incumplimiento con lo ordenado por este Tribunal y desatención a los requerimientos que la Oficina de la Procuradora General le ha cursado como parte de un proceso disciplinario iniciado en su contra. De este modo, pues, reafirmamos que, independientemente de los méritos que refleje una queja presentada contra un letrado, el no responder oportunamente a las órdenes emitidas por este Tri-

bunal o la Oficina de la Procuradora General —y, además, no proporcionar razones adecuadas por la cual se ha visto imposibilitado de cumplir con los términos concedidos—, expone al letrado a la imposición de sanciones de la más grave severidad, pues semejante conducta obstaculiza la función reguladora de este Tribunal. Por tal razón, ordenamos la suspensión inmediata e indefinida del Lcdo. Roberto O. Maldonado Nieves del ejercicio de la abogacía.

A continuación, reseñamos los antecedentes fácticos y procesales que nos llevan a este dictamen.

## I

El Lcdo. Roberto O. Maldonado Nieves fue admitido al ejercicio de la abogacía el 10 de enero de 1986 y al de la notaría el 29 de febrero de 1988.

Este caso comenzó con la presentación, el 15 de enero de 2013, de una queja contra el licenciado Roberto O. Maldonado Nieves (licenciado Maldonado Nieves o el querellado) por parte de la señora Brenda Maldonado Espada (señora Maldonado Espada o la quejosa). Debido a que las alegaciones contenidas en dicha queja no constituyen el fundamento del dictamen que hoy emitimos, prescindimos de un recuento exhaustivo de ellas.

En apretada síntesis, en la queja la señora Maldonado Espada relata que forma parte de la sucesión del Sr. Julio Maldonado Falcón que, a su vez, cuenta con el Sr. Paulino Maldonado Falcón, hermano del causante, como albacea nombrado mediante testamento (señor Maldonado Falcón o el albacea). Con el propósito de gestionar los trámites relacionados con los bienes que componen el caudal relicto, la señora Maldonado Espada y los otros herederos contrataron los servicios del Lcdo. Pedro J. Rodríguez Samalot. Por su parte, el señor Maldonado Falcón contrató al querellado para que éste le asistiera en su labor como albacea de la sucesión, ya que él no reside en Puerto Rico. En lo

sustantivo, las alegaciones incluidas en la queja presentada por la señora Maldonado Espada contra el licenciado Maldonado Nieves pueden caracterizarse como de dos tipos. Por un lado, la queja le imputa al querellado el haber desempeñado sus obligaciones profesionales de manera negligente. Ello por, entre otras cosas, no contestar durante el transcurso de más de un año sendas comunicaciones suscritas a él por el licenciado Rodríguez Samalot exigiendo información relacionada con la labor del albacea y el estado de las obligaciones legales de éste con la sucesión, y por negarse a acceder a la celebración de una reunión entre las partes. Por otro lado, la queja le imputa al licenciado Maldonado Nieves el haber tomado varias acciones y determinaciones en contravención a sus responsabilidades y en perjuicio de los intereses de la sucesión, como también el haber fungido como albacea *de facto*, en violación a las disposiciones aplicables del Código Civil de Puerto Rico. Por todo lo anterior, la quejosa solicitó que le ordenáramos al querellado a que se comunicara con la representación legal de los herederos, proporcionara toda la información previamente requerida de él e informara si había devengado honorarios con cargo al caudal relicto para que, de ser así, procediera a devolverlos.

Así las cosas, el 28 de febrero de 2013, la Honorable Secretaria de este Tribunal cursó una comunicación al licenciado Maldonado Nieves en la que le concedió diez días a partir del recibo de ésta para contestar las alegaciones hechas en su contra. El 10 de marzo de 2013, el querellado compareció y solicitó una extensión para presentar su contestación. En esta primera ocasión, el letrado señaló que, debido a que varios de sus familiares enfrentaban enfermedades serias, había tenido que asumir obligaciones adicionales a su labor regular que le habían impedido responder a la queja. Así las cosas, el 26 de enero de 2013 se le concedió un término adicional de veinte días para que atendiera la queja en su contra. El 7 de mayo de 2013, vencido el término, compareció el licenciado Maldonado

Nieves y solicitó hasta el 28 de ese mes para presentar su contestación invocando los mismos fundamentos que la vez anterior. Luego de que el 14 de mayo de 2013 la Subsecretaria de este Tribunal le concediera un nuevo término de diez días, el 13 de junio de 2013 el querellado presentó una tercera solicitud de prórroga. Esta vez, señaló que recientemente había sido víctima del escalamiento de su hogar y que, durante la comisión del alegado acto delictivo, le hurtaron tres computadoras, entre ellas aquella en la que estaba trabajando la contestación a la queja. Sin embargo, como parte de su solicitud el licenciado Maldonado Nieves no acompañó, como tampoco había hecho en sus comparecencias anteriores, documentación fehaciente acreditando que las razones invocadas le imposibilitaron cumplir cabalmente con su deber de contestar la queja correspondiente.

Referido el asunto a nuestra atención, el 24 de junio de 2013 emitimos una Resolución en la que le concedimos al licenciado Maldonado Nieves un término *final* de cinco días, contados a partir de su notificación, para que compareciera y contestara la queja presentada en su contra. En la Resolución le apercibimos, además, que un nuevo incumplimiento podría conllevar la imposición de sanciones disciplinarias severas, incluyendo su suspensión inmediata del ejercicio de la profesión.

Según surge del expediente, el querellado finalmente contestó la queja presentada en su contra mediante un escrito de 18 de junio de 2013, notificado el 20 de junio de 2013 vía fax y por correo el 24 de junio de 2013. En lo pertinente, el licenciado Maldonado Nieves señaló que entre él y la quejosa o los demás herederos de la sucesión no existe y nunca ha existido una relación de abogado-cliente e hizo hincapié en que su labor en el asunto se ha limitado a orientar al albacea y realizar las diligencias solicitadas por éste. Negó, además, toda alegación hecha en su contra en cuanto a conducta impropia o ilegal. No obstante, el querellado reconoció no haber respondido a las múltiples misivas que tanto el licenciado Rodríguez Samalot como

los herederos le habían cursado. Por tanto, el licenciado Maldonado Nieves se comprometió a que dentro de los siguientes cuarenta y cinco días llevaría a cabo las gestiones necesarias para que el albacea culminara su labor, que remitiría una relación de las labores realizadas tanto por él como por el albacea a los herederos y que procedería a notificar a este Tribunal al respecto.

Referida la queja y la contestación del querellado a la Oficina de la Procuradora General, conforme lo dispone la Regla 14(d) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, la Oficina cursó a las partes unos requerimientos de documentos e información. Ello como parte del proceso investigativo que, en virtud del esquema establecido por el precitado Reglamento, le encomendamos realizar para que nos proporcionara las recomendaciones que estimara pertinentes y nos colocara en posición para tomar una determinación informada de la queja ante nuestra consideración. Posteriormente, la Oficina de la Procuradora General solicitó, y este Tribunal concedió mediante Resolución el 31 de enero de 2014, una prórroga de treinta días para presentar el correspondiente Informe. Todo ello —cabe señalar— animado por el interés de proveer a las partes implicadas un tiempo adicional para comparecer y presentar aquella documentación que considerasen pertinente y así asegurar una investigación adecuada y responsable sobre el asunto referido a su evaluación. Sin embargo, el licenciado Maldonado Nieves nunca atendió el requerimiento que la Oficina le cursó.([1]) Por consiguiente, al momento de formular su Informe, la Oficina de la Procuradora General solamente contó con la comparecencia de la señora Maldonado Espada, quien sí proveyó documentación dirigida a sustentar sus alegaciones.

Examinado el Informe de la Procuradora General, el 25 de marzo de 2014 concedimos al licenciado Maldonado

---

([1]) La Oficina de la Procuradora General le cursó el requerimiento mediante correo regular y correo certificado el 15 de noviembre de 2013, y se lo reenvió el 25 de noviembre de 2013.

Nieves un término de veinte días, a partir de la notificación de la correspondiente Resolución, para expresarse sobre el mismo o se entendería que se allanaba a sus recomendaciones. El querellado compareció el 22 de abril de 2014, ocho días luego de vencido el término, para solicitar una prórroga. Adujo estar enfrentando complicaciones de salud que provocaron que se atrasara en su trabajo. Sin embargo, una vez más omitió presentar documentación fehaciente acreditando las razones que invocaba para justificar tanto su desatención al término provisto como su solicitud de una nueva prórroga. No obstante, el 11 de septiembre de 2014 fue nuevamente agraciado con un término *final* de diez días para cumplir con la Resolución del 25 de marzo de 2014. El licenciado Maldonado Nieves compareció por última vez el 23 de septiembre de 2014, no para cumplir con lo ordenado por este Tribunal el 25 de marzo de 2014, sino para nuevamente solicitar un término adicional. Al día de hoy —luego de siete meses de vencido el segundo término concedido para cumplir con esta Resolución— el licenciado Maldonado Nieves no ha vuelto a comparecer. Tampoco ha informado si ha cumplido con las labores que en su escrito del 18 de junio de 2013 se comprometió a realizar dentro de los cuarenta y cinco días siguientes a su presentación.(²)

Resumidos los antecedentes fácticos y procesales, y contando con el beneficio de la comparecencia de la Oficina del Procurador General, procedemos a enunciar los fundamentos que atienden la conducta del querellado y la procedente sanción.

II

Este Tribunal tiene el deber ineludible de asegurar que todos los profesionales admitidos al ejercicio de la

---

(²) Según surge del expediente, de acuerdo con la última comunicación recibida de la quejosa el 29 de enero de 2015, el licenciado Maldonado Nieves aún no ha cumplido con lo que se obligó el 18 de junio de 2013.

abogacía dentro de nuestra jurisdicción cumplan sus funciones de forma responsable, competente y con la mayor diligencia para con los tribunales y sus compañeros. *In re Del Castillo Del Valle*, 191 DPR 633 (2014). Conforme a esta obligación reguladora, el Código de Ética Profesional, 4 LPRA Ap. IX, pauta las normas mínimas que deben guiar a todos los abogados y abogadas sujetos a nuestra jurisdicción disciplinaria. Como parte de la obligación de todo abogado y abogada de propiciar un orden jurídico eficaz, el Canon 9 del Código de Ética Profesional, *supra*, le impone a todo abogado y abogada el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto".

Sabido es que incumplir los deberes que imponen la ley y el ordenamiento ético acarrea sanciones disciplinarias. *In re Bryan Picó*, 192 DPR 246 (2015). Reiteradamente, hemos expresado que tal incumplimiento adquiere mayor trascendencia cuando esas faltas se cometen durante la tramitación de un proceso disciplinario iniciado contra un miembro de la profesión. *In re Irizarry Irizarry*, 190 DPR. 368, 374 (2014); *In re Buono Colón*, 187 DPR 379, 382 (2012). Consecuentemente, hemos sido enfáticos al señalar que el deber de atender de manera diligente y escrupulosa toda orden emitida por este Tribunal es aún más patente durante los procesos disciplinarios, por lo que su incumplimiento puede acarrear la imposición de sanciones severas, incluyendo la suspensión inmediata de la profesión. *In re Bryan Picó*, supra; *In re Montes Díaz*, 184 DPR 90, 93–94 (2011); *In re Toro Soto*, 181 DPR 654, 660 (2011). Como expresamos en *In re Ortiz Álvarez*, 163 DPR 245, 248 (2004), "la naturaleza pública de la profesión de abogado impone a la clase togada la más estricta observancia a los requerimientos relacionados con las investigaciones sobre asuntos disciplinarios".

Indudablemente, este Tribunal no puede tomar de forma liviana la asunción de parte de un abogado de una

actitud de indiferencia y menosprecio ante su autoridad. *In re Vera Vélez*, 192 DPR 216 (2015). Lo mismo debe decirse con respecto a la autoridad ejercida por aquellas entidades públicas llamadas a intervenir en la consecución de un proceso disciplinario contra un letrado, como es el caso de la Oficina de la Procuradora General, por virtud del Regla 14 del Reglamento de este Tribunal, *supra*. *In re Chardón Dubós*, 191 DPR 201 (2014); *In re Ponce Ponce*, 190 DPR 504, 509 (2014); *In re Miranda Gutiérrez*, 188 DPR 745, 747 (2013). Ello debido a que la desatención a sus requerimientos "tiene el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se desatiende una orden directamente emitida por nosotros". *In re Ponce Ponce*, supra, pág. 509. Véanse: *In re Ortiz Álvarez*, supra, pág. 249. Por tal razón, en *In re López Bocanegra*, 183 DPR 224, 226 (2011), advertimos que "el incumplimiento con los requerimientos de la Oficina de la Procuradora General es igualmente reprochable y acarrea las mismas sanciones que la falta de atención a las órdenes de este Tribunal".

A la vez, también hemos sostenido que constituye una falta de respeto hacia los procedimientos ante este Tribunal el que un abogado o abogada incurra en una indebida, irrazonable e inexcusable tardanza al formular su contestación a una queja presentada en su contra. *In re Irizarry Irizarry*, supra, pág. 376; *In re García Ortiz*, 187 DPR 507, 517 (2012); *In re Vargas Soto*, 146 DPR 55 (1998). Independientemente de los méritos que demuestre una queja presentada en contra de un abogado o abogada, o cuán adecuado el procedimiento disciplinario sea para atender los reclamos particulares del quejoso, todo letrado y letrada tienen la obligación de responder prontamente a nuestros requerimientos. *In re Sosa Suárez*, 191 DPR 261 (2014); *In re Torres Trinidad*, 183 DPR 371, 374 (2011). Por consiguiente, el incumplimiento con este deber evaluarse de manera separada e independiente de la causa que en

primera instancia motivó el inicio de una investigación disciplinaria.

■ Por último, debemos enfatizar que toda vez que un letrado o letrada está sujeto al cumplimiento de una orden emitida directa o indirectamente por este Tribunal, está obligado a cumplir con tal orden dentro del término que se le ha concedido. De lo contrario, deberá comparecer como regla general previo al vencimiento del término para proveer una razón adecuada por la cual se ha visto imposibilitado de cumplir con su deber de atender cabal y oportunamente la orden en cuestión. En el segundo supuesto, el abogado o abogada no solamente tiene la obligación de proporcionar una explicación detallada de la razón que, a su entender, amerita que se le extienda una prórroga, sino que además debe, cuando así proceda, acompañar su comparecencia con documentación fehaciente que acredite la existencia de la razón o razones que invoca.

### III

En el presente caso, los hechos demuestran que el licenciado Maldonado Nieves ha incurrido en un patrón extendido de incumplimiento y desatención a las ordenes emitidas por este Tribunal y por la Oficina de la Procuradora General como parte de un proceso disciplinario iniciado en su contra mediante le presentación de una queja por su conducta profesional.

En primer lugar, desde la presentación de la queja por parte de la señora Maldonado Espada el 15 de enero de 2013 hasta el momento cuando el letrado la contestó mediante un escrito de 18 de junio de 2013, transcurrieron aproximadamente cinco meses. Durante ese período, el incumplimiento del querellado con los tres términos que se le extendieron, llevó a que este Tribunal tuviese que emitir una Resolución para apercibirle que un incumplimiento adicional lo expondría a la imposición de sanciones disci-

plinarias severas. Tal inobservancia del licenciado Maldonado Nieves no solamente refleja su incumplimiento con el deber de atender de manera diligente y escrupulosa toda orden emitida por este Tribunal, sino que constituye además una indebida, irrazonable e inexcusable tardanza con su obligación de contestar toda queja presentada en su contra. Ello, como ya se ha señalado, es contrario a la conducta respetuosa para con los tribunales que el Código de Ética Profesional le exige a todo abogado y abogada, particularmente cuando se trata de un proceso disciplinario.

Por otro lado, la actitud de absoluta desatención asumida por el licenciado Maldonado Nieves ante los requerimientos de documentos e información que la Oficina de la Procuradora General le cursó como parte de su función dentro del esquema disciplinario que dispone el Reglamento de este Tribunal constituye, de por sí, una violación al Canon 9 del Código de Ética Profesional, *supra*. Ello debido a que, como ya mencionáramos, tal incumplimiento "tiene el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se desatiende una orden directamente emitida [por este Tribunal]". *In re Ponce Ponce*, supra, pág. 509.

Es menester señalar que la conducta en contravención a las normas mínimas que impone el Código de Ética Profesional del licenciado Maldonado Nieves se agrava por el hecho de que, luego de haber solicitado y obtenido una prórroga más para responder al Informe presentado por la Oficina de la Procuradora General, no ha vuelto a comparecer para atender de manera responsable el proceso disciplinario que se inició en su contra. Este Tribunal no puede sino castigar severamente la asunción de una conducta de desidia de tal magnitud.

Por último, no debemos culminar sin antes enfatizar lo siguiente. Podemos especular sobre las motivaciones y situaciones que llevan a un letrado a no contestar oportunamente una queja disciplinaria presentada en su contra o

no atender los requerimientos que se le dirigen durante la tramitación de un proceso disciplinario. Entre ellas, quizás algunos estarían inclinados a considerar que la queja carece de mérito alguno o, incluso, que la presentación de una queja no es el vehículo adecuado mediante el cual el quejoso debe ventilar los reclamos que plantea. Aprovechamos, pues, esta ocasión para dejar meridianamente claro que sin una adecuada y fundamentada comparecencia, estas motivaciones o situaciones no proveerán justificación alguna que lo exima de cumplir o atender oportunamente las órdenes que, directa o indirectamente, emita este Tribunal. Independiente de los méritos que a primera o segunda vista refleje una queja o lo adecuado que sea el mecanismo disciplinario para la tramitación del asunto particular, todo abogado y abogada tiene la obligación ineludible de cooperar con un proceso disciplinario iniciado en su contra, o se expone a sanciones de naturaleza independiente a la queja presentada. Y es que tiene que ser así. De lo contrario, el trámite y, a su vez, la evaluación de una queja quedarían al arbitrio del querellado, en vez de —y como solamente puede ser— sujetarse a la autoridad ejercida por este Tribunal.

Por los fundamentos que anteceden, *se ordena la suspensión inmediata e indefinida del licenciado Maldonado Nieves del ejercicio de la abogacía. Se ordena, además, al Alguacil incautar su obra notarial, incluyendo su sello notarial, y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. En caso de que el licenciado Maldonado Nieves esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificarles sobre su inhabilidad de continuar representándolos, devolverles los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en*

*un término de treinta días contados a partir de la notificación de la presente opinión.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Feliberti Cintrón no interviene.