EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 105 |
| Javier Pérez Rojas | 195 DPR ____ |

Número del Caso: AB-2015-225

Fecha: 18 de mayo de 2016

Abogado del Promovido:

      Por derecho propio

Materia: La suspensión será efectiva el 26 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Javier Pérez Rojas                    AB-2015-225          Queja

PER CURIAM

San Juan, Puerto Rico, a 18 de mayo de 2016.

Nuevamente, nos vemos obligados a ejercer nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con su deber de contestar una queja presentada en su contra y por desobedecer las órdenes de este Tribunal.

I

El 22 de junio de 2015, la Sra. Christine M. Mac Lachlan Rodríguez (promovente) presentó una queja contra el Lcdo. Javier Pérez Rojas.[1] La promovente aduce que el abogado de epígrafe fue

_____

[1] El Lcdo. Javier Pérez Rojas fue admitido a la abogacía el 3 de enero de 1990 y prestó juramento como notario el 31 de enero de 1990.

contratado para la presentación de una solicitud de declaratoria de herederos y que no realizó la misma, a pesar de haberle satisfecho una suma excesivamente alta de honorarios.

De conformidad con el procedimiento dispuesto en la Regla 14(c) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, la Secretaría de este Tribunal le cursó una comunicación al licenciado Pérez Rojas para que éste cumpliera con su obligación de contestar la queja. El letrado incumplió.

Ante ese cuadro, la Secretaría le cursó otra comunicación, con fecha de 13 de agosto de 2015, en la que le concedió al licenciado Pérez Rojas un término adicional para contestar la queja.

Habida cuenta de que el licenciado Pérez Rojas incumplió con los requisitos de la Secretaría, el 29 de septiembre de 2015, este Tribunal emitió Resolución y le ordenó que contestara la queja en un término final e improrrogable de cinco (5) días. Además, fue apercibido de que su incumplimiento conllevaría sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. El licenciado Pérez Rojas fue notificado personalmente el 2 de octubre de 2015, con copia de la Resolución. A pesar de ello, el letrado incumplió con nuestra orden y no compareció.

II

Sabido es que nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a

los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. *In re* De Jesús Román, 192 DPR 799, 802 (2015); Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Véanse también: *In re Cepero Rivera et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015), pág. 9; *In re* López González *et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015), pág. 5.

Específicamente, el Canon 9 de Ética Profesional, *supra*, dispone que los abogados y abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Como corolario de ese deber, las personas que ejercen la profesión de la abogacía tienen que cumplir pronta y diligentemente las órdenes de todos los tribunales, al igual que con todas las entidades públicas que intervienen en los procesos disciplinarios contra un letrado, incluyendo la Secretaría de este Tribunal. *In re Maldonado Nieves*, 181 DPR 973, 981 (2011); *In re* Nieves Nieves, 181 DPR 25, 34 (2011). Por tanto, "asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola dicho Canon". *In re Dávila Toro*, 2015 TSPR 79, pág. 6, 193 DPR ___ (2015).

En múltiples ocasiones, nos hemos visto obligados a disciplinar a abogados que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re* Rivera Trani, 188 DPR 454, 460 (2013); *In re* Guzmán Rodríguez, 187 DPR

826, 829 (2013). Desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Cepero Rivera *et al.*, *supra*, pág. 10; *In re* López González *et al.*, *supra*, pág. 6; *In re* Rivera Trani, *supra*, pág. 461; *In re* Guzmán Rodríguez, *supra*, pág. 829. Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse: *In re* López González *et al.*, *supra*, págs. 6-7; *In re* Rivera Trani, *supra*, pág. 461; *In re* Guzmán Rodríguez, *supra*, pág. 829.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el abogado de epígrafe.

### III

Este Tribunal le concedió al abogado de epígrafe amplia oportunidad para que compareciera ante nos y contestara la queja presentada por la promovente. Éste incumplió, en clara inobservancia a nuestras órdenes.

De lo anterior, resulta claro que el licenciado Pérez Rojas ha incumplido y asumido una actitud despreocupada en cuanto a este asunto. Asimismo, ha tomado livianamente nuestros requerimientos y, al día de hoy, no ha comparecido ante nos para cumplir con lo ordenado.

Así pues, la dejadez y la desidia de este abogado nos obligan a decretar que ha incumplido con su deber de guardar el mayor respeto hacia este Tribunal. Ello,

relegando su responsabilidad de regirse por el Código de Ética Profesional y satisfacer los requisitos reglamentarios que se han establecido para garantizar el mejoramiento profesional y la diligencia de aquellos y aquellas que ejercen la profesión jurídica.

IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Javier Pérez Rojas del ejercicio de la abogacía y la notaría hasta tanto cumpla con las órdenes de este Tribunal.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Pérez Rojas y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Asimismo, se le impone al señor Pérez Rojas el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Javier Pérez Rojas por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Javier Pérez Rojas                    AB-2015-225              Queja

SENTENCIA

San Juan, Puerto Rico, a 18 de mayo de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Javier Pérez Rojas del ejercicio de la abogacía y la notaría hasta tanto cumpla con las órdenes de este Tribunal.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Pérez Rojas y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Asimismo, se le impone al señor Pérez Rojas el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta

(30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Javier Pérez Rojas por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                                    Juan Ernesto Dávila Rivera
                                    Secretario del Tribunal Supremo