*In re* Laura E. Figueroa Cortés, querellada.

*Número:* AB-2015-222    *Resuelto:* 30 de junio de 2016

*José L. Román Ruiz*, quejoso.

PER CURIAM: Nuevamente nos vemos obligados a ejercer nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con su deber de contestar una queja presentada en su contra y por desobedecer las órdenes de este Tribunal.

## I

El 19 de junio de 2015, el Sr. José L. Román Ruiz (promovente) presentó una queja contra la Lcda. Laura E. Fi-

gueroa Cortés (licenciada Figueroa Cortés).[1] En conformidad con el procedimiento dispuesto en la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, el 1 de julio de 2015 la Secretaría de este Tribunal cursó una comunicación a la licenciada Figueroa Cortés para que esta cumpliera con su obligación de contestar la queja. La letrada incumplió.

Ante ese cuadro, la Secretaría le cursó otra comunicación el 13 de agosto de 2015, en la que concedió a la licenciada Figueroa Cortés un término adicional para contestar la queja.

Habida cuenta que la licenciada Figueroa Cortés incumplió con los requerimientos de la Secretaría, el 18 de diciembre de 2015 este Tribunal emitió una resolución mediante la cual ordenó a la abogada que contestara la queja en un término final de cinco días. Además, se le apercibió que su incumplimiento conllevaría sanciones disciplinarias severas, incluso la suspensión del ejercicio de la profesión. Cabe destacar que la licenciada Figueroa Cortés fue notificada personalmente el 30 de diciembre de 2015, con una copia de la resolución. A pesar de ello, la letrada incumplió con nuestra orden y no compareció.

## II

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. *In re De Jesús Román*, 192 DPR 799, 802 (2015); Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX. Véanse, también: *In re Cepero Rivera et al.*, 2015 TSPR 119, pág. 9, 193 DPR Ap. (2015); *In re López González et al.*, 2015-107, pág. 5, 193 DPR Ap. (2015).

---

[1] La Lcda. Laura E. Figueroa Cortés fue admitida a la abogacía el 18 de agosto de 2009 y prestó juramento como notario el 26 de enero de 2011.

■ Específicamente, el Canon 9 del Código de Ética Profesional dispone que los abogados y las abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. Como corolario de ese deber, las personas que ejercen la profesión de la abogacía tienen que cumplir pronta y diligentemente las órdenes de todos los tribunales, al igual que con todas las entidades públicas que intervienen en los procesos disciplinarios contra un letrado, inclusive la Secretaría de este Tribunal. *In re Maldonado Nieves*, 192 DPR 973, 981 (2015); *In re Nieves Nieves*, 181 DPR 25, 34 (2011). Por lo tanto, "[a]sumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola dicho canon". *In re Dávila Toro*, 193 DPR 159, 163 (2015).

■ Consecuentemente, nos hemos visto obligados a disciplinar a los abogados y las abogadas que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re Rivera Trani*, 188 DPR 454, 460–461 (2013); *In re Guzmán Rodríguez*, 187 DPR 826, 829 (2013). Desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re Cepero Rivera et al.*, supra, pág. 10; *In re López González et al.*, supra, pág. 6; *In re Rivera Trani*, supra, pág. 461; *In re Guzmán Rodríguez*, supra, pág. 829. Por lo tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse: *In re López González et al.*, supra, págs. 6–7; *In re Rivera Trani*, supra, pág. 461; *In re Guzmán Rodríguez*, supra, pág. 829.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la abogada de epígrafe.

## III

Este Tribunal concedió a la licenciada Figueroa Cortés amplia oportunidad para que compareciera ante nos y contestara la queja del promovente. Esta incumplió, en claro incumplimiento de nuestras órdenes.

De lo anterior, resulta claro que la licenciada Figueroa Cortés ha incumplido y asumido una actitud despreocupada en cuanto a este asunto. Asimismo, ha tomado livianamente nuestros requerimientos y, aun hoy, no ha comparecido ante nos para cumplir con lo ordenado.

Así pues, la dejadez y la desidia de esta abogada nos obligan a decretar que ha incumplido con su deber de guardar el mayor respeto hacia este Tribunal. Ello, relegando su responsabilidad de regirse por el Código de Ética Profesional y satisfacer las exigencias que se han establecido para garantizar que aquellos y aquellas que ejercen la profesión jurídica cumplan diligentemente con nuestras órdenes.

## IV

Por los fundamentos que anteceden, *suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría a la Lcda. Laura E. Figueroa Cortés. Por otra parte, se le ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la señora Figueroa Cortés y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.*

*Asimismo, se le impone a la señora Figueroa Cortés el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o*

*foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de la presente opinión "per curiam" y sentencia. Notifíquese personalmente esta opinión "per curiam" y sentencia a la Sra. Laura E. Figueroa Cortés a través de la Oficina del Alguacil de este Tribunal.*

*Se dictará sentencia de conformidad.*