*In re* ALEXIS ALEJANDRO ZÚÑIGA, querellado.

*Número:* AB-2017-017      *Resuelto:* 28 de junio de 2017

*Mariam E. Santiago Torres*, querellante.

PER CURIAM: Nuevamente nos vemos obligados a ejercer nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con su deber de contestar una queja presentada en su contra y por desobedecer las órdenes de este Tribunal.

I

El 22 de julio de 2016, la Sra. Mariam E. Santiago Torres (promovente) presentó una queja contra el Lcdo. Alexis Alejandro Zúniga (letrado).[1] En conformidad con el procedimiento dispuesto en la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, el 1 de febrero de 2017 la Secretaría de este Tribunal cursó una comunicación al licenciado Alejandro Zúniga para que contestara la queja.[2] El letrado incumplió. Ante ese cuadro, la Secretaría le cursó otra comunicación el 23 de febrero de 2017, en la que le concedió al letrado un término final de 10 días para contestar la queja.

Habida cuenta que el licenciado Alejandro Zúniga incumplió con los requerimientos de la Secretaría, el 24 de

---

[1] El Lcdo. Alexis Alejandro Zúniga fue admitido a la abogacía el 20 de febrero de 2008 y prestó juramento como notario el 18 de julio de 2008.

[2] Cuando la Sra. Mariam E. Santiago Torres presentó la queja de referencia, los documentos que incluyó para sustentar su reclamo estaban incompletos. Una vez presentó los documentos completos, se le notificó al licenciado Alejandro Zúniga de la presentación de la queja.

abril de 2017 este Tribunal emitió una resolución mediante la cual le ordenó que contestara la queja en un término final e improrrogable de 5 días. Además, fue apercibido de que su incumplimiento conllevaría sanciones disciplinarias severas, inclusive la suspensión del ejercicio de la profesión. El licenciado Alejandro Zúniga fue notificado personalmente el 18 de mayo de 2017, con copia de la resolución. A pesar de ello, el letrado incumplió con nuestra orden y no compareció.

## II

Sabido es que nuestro Código de Ética Profesional establece "las normas mínimas de conducta que deben exhibir los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones". *In re De Jesús Román*, 192 DPR 799, 802 (2015) (*per curiam*). Véanse, también: *In re Vera Vélez*, 192 DPR 216, 226 (2015) (*per curiam*); *In re Guemárez Santiago*, 191 DPR 611, 617–618 (2014) (*per curiam*). Específicamente, el Canon 9 del Código de Ética Profesional dispone que los abogados y abogadas "debe[n] observar para con los tribunales una conducta que se caracterice por el mayor respeto". Canon 9 del Código de Ética Profesional (1970), 4 LPRA Ap. IX. Como consecuencia "de ese deber, las personas que ejercen la profesión de la abogacía tienen que cumplir pronta y diligentemente con las órdenes de todos los tribunales, al igual que con todas las entidades públicas que intervienen en los procesos disciplinarios contra un letrado, incluyendo la Secretaría de este Tribunal". *In re Pérez Rojas*, 195 DPR 571, 573 (2016) (*per curiam*). Véanse, también: *In re Maldonado Nieves*, 192 DPR 973, 980–981 (2015) (*per curiam*); *In re Nieves Nieves*, 181 DPR 25, 34 (2011) (*per curiam*). Por lo tanto, "[a]sumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola dicho canon". *In re Dávila*

*Toro*, 193 DPR 159, 163 (2015) (*per curiam*). Véase, también, *In re Cardona Veguet*, 192 DPR 532, 537 (2015) (*per curiam*).

En múltiples ocasiones nos hemos visto obligados a disciplinar a abogados que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re Alicea Martínez*, 195 DPR 855, 856–857 (2016) (*per curiam*); *In re Rivera Trani*, 188 DPR 454, 460–461 (2013) (*per curiam*); *In re Guzmán Rodríguez*, 187 DPR 826, 829 (2013) (*per curiam*). Desatender nuestros requerimientos "es incompatible con la práctica de la profesión", pues constituye una violación al Canon 9 del Código de Ética Profesional, *supra*, y menoscaba "nuestro poder inherente de regular el ejercicio de la profesión legal". *In re Cepero Rivera et al.*, 193 DPR Ap. (2015) (*per curiam*). Véanse, también: *In re López González et al.*, 193 DPR Ap. (2015) (*per curiam*); *In re Rivera Trani*, supra, pág. 461; *In re Guzmán Rodríguez*, supra, pág. 829. Por lo tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse: *In re López González et al.*, supra, Caso Núm. TS-9843, págs. 6–7; *In re Rivera Trani*, supra, pág. 461; *In re Guzmán Rodríguez*, supra, pág. 829. Nótese que, en lo que concierne a los procesos disciplinarios, "los abogados y las abogadas tienen la 'ineludible obligación de responder diligentemente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra' ". *In re Alicea Martínez*, supra, pág. 857, citando a *In re García Incera*, 177 DPR 329, 331 (2009) (*per curiam*).

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el abogado de epígrafe.

III

Este Tribunal concedió al licenciado Alejandro Zúniga amplias oportunidades para que compareciera ante nos y

contestara la queja presentada por la promovente. Este incumplió nuestras órdenes. De lo anterior, resulta claro que el letrado ha asumido una actitud despreocupada en cuanto a este asunto. Asimismo, ha tomado livianamente nuestros requerimientos.

Así pues, la dejadez y la desidia de este abogado nos obligan a decretar que ha incumplido con su deber de guardar el mayor respeto hacia este Tribunal. Al hacerlo relegó su responsabilidad de regirse por el Código de Ética Profesional, el cual exige diligencia a quienes ejercen la profesión jurídica.

## IV

Por los fundamentos que anteceden, *suspendemos inmediata e indefinidamente al Lcdo. Alexis Alejandro Zúniga del ejercicio de la abogacía y la notaría. La fianza notarial del señor Alejandro Zúniga queda automáticamente cancelada, mas se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por el señor Alejandro Zúniga durante el periodo en que la misma estuvo vigente.*

Por su parte, *se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Alejandro Zúniga y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Asimismo, se impone al señor Alejandro Zúniga el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y a devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de la*

*presente opinión "per curiam" y sentencia. Se ordena a la Oficina del Alguacil de este Tribunal que notifique personalmente esta opinión "per curiam" y sentencia al Sr. Alexis Alejandro Zúniga.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez no intervino.