EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2017 TSPR 134 |
| | |
| Alexis Alejandro Zúñiga (TS-16,656) | 198 DPR ____ |

Número del Caso: AB-2017-17

Fecha:   28 de junio de 2017

Abogado del Promovido:

      Por derecho propio

Materia: La suspensión será efectiva el 20 de julio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alexis Alejandro Zúniga          AB-2017-017          Queja

   (TS-16,656)

PER CURIAM

San Juan, Puerto Rico, a 28 de junio de 2017.

Nuevamente, nos vemos obligados a ejercer nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con su deber de contestar una queja presentada en su contra y por desobedecer las órdenes de este Tribunal.

I

El 22 de julio de 2016, la Sra. Mariam E. Santiago Torres (promovente) presentó una queja contra el Lcdo. Alexis Alejandro Zúniga (licenciado Alejandro Zúniga o letrado).[1]

_____

[1]El Lcdo. Alexis Alejandro Zúniga (licenciado Alejandro Zúniga) fue admitido a la abogacía el 20 de febrero de 2008 y prestó juramento como notario el 18 de julio de 2008.

De conformidad con el procedimiento dispuesto en la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, el 1 de febrero de 2017, la Secretaría de este Tribunal le cursó una comunicación al licenciado Alejandro Zúniga para que contestara la queja.[2] El letrado incumplió. Ante ese cuadro, la Secretaría le cursó otra comunicación, con fecha de 23 de febrero de 2017, en la que le concedió al letrado un término final de diez (10) días para contestar la queja.

Habida cuenta que el licenciado Alejandro Zúniga incumplió con los requerimientos de la Secretaría, el 24 de abril de 2017, este Tribunal emitió una Resolución mediante la cual le ordenó que contestara la queja en un término final e improrrogable de cinco (5) días. Además, fue apercibido de que su incumplimiento conllevaría sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. El licenciado Alejandro Zúniga fue notificado personalmente el 18 de mayo de 2017, con copia de la Resolución. A pesar de ello, el letrado incumplió con nuestra orden y no compareció.

II

Sabido es que nuestro Código de Ética Profesional establece "las normas mínimas de conducta que deben

---

[2]Cuando la Sra. Mariam E. Santiago Torres presentó la queja de referencia, los documentos que incluyó para sustentar su reclamo estaban incompletos. Una vez presentó los documentos completos, se le notificó al licenciado Alejandro Zúniga de la presentación de la queja.

exhibir los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones". *In re De Jesús Román*, 192 DPR 799, 802 (2015) (*Per Curiam*). Véanse, también, *In re Vera Vélez*, 192 DPR 216, 226 (2015) (*Per Curiam*); *In re Guemárez Santiago*, 191 DPR 611, 617-618 (2014) (*Per Curiam*). Específicamente, el Canon 9 del Código de Ética Profesional dispone que los abogados y abogadas "debe[n] observar para con los tribunales una conducta que se caracterice por el mayor respeto". Canon 9 del Código de Ética Profesional (1970), 4 LPRA Ap. IX, C. 9. Como consecuencia "de ese deber, las personas que ejercen la profesión de la abogacía tienen que cumplir pronta y diligentemente con las órdenes de todos los tribunales, al igual que con todas las entidades públicas que intervienen en los procesos disciplinarios contra un letrado, incluyendo la Secretaría de este Tribunal". *In re Pérez Rojas*, 195 DPR 571, 573 (2016) (*Per Curiam*). Véanse, también, *In re Maldonado Nieves*, 192 DPR 973, 980-981 (2015) (*Per Curiam*); *In re Nieves Nieves*, 181 DPR 25, 34 (2011) (*Per Curiam*). Por tanto, "[a]sumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola dicho canon". *In re Dávila Toro*, 193 DPR 159, 163 (2015) (*Per Curiam*). Véase, también, *In re Cardona Veguet*, 192 DPR 532, 537 (2015) (*Per Curiam*).

En múltiples ocasiones, nos hemos visto obligados a disciplinar a abogados que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re Alicea Martínez*, 195 DPR 855, 856-857 (2016) (*Per Curiam*); *In re Rivera Trani*, 188 DPR 454, 460-461 (2013) (*Per Curiam*); *In re Guzmán Rodríguez*, 187 DPR 826, 829 (2013) (*Per Curiam*). Desatender nuestros requerimientos "es incompatible con la práctica de la profesión", pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba "nuestro poder inherente de regular el ejercicio de la profesión legal". *In re Cepero Rivera et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, pág. 10, 193 DPR 1021 (2015) (*Per Curiam*). Véanse, también, *In re López González et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, pág. 6, 193 DPR 1021 (2015) (*Per Curiam*); *In re Rivera Trani*, supra, pág. 461; *In re Guzmán Rodríguez*, supra, pág. 829. Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse *In re López González et al.*, supra, págs. 6-7; *In re Rivera Trani*, supra, pág. 461; *In re Guzmán Rodríguez*, supra, pág. 829. Nótese que, en lo que concierne a los procesos disciplinarios, "los abogados y las abogadas tienen la 'ineludible obligación de responder diligentemente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra'". *In re*

Alicea Martínez, supra, pág. 857 (citando a *In re* García Incera, 177 DPR 329, 331 (2009) (*Per Curiam*)).

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el abogado de epígrafe.

III

Este Tribunal le concedió al licenciado Alejandro Zúniga amplias oportunidades para que compareciera ante nos y contestara la queja presentada por la promovente. Éste incumplió, en clara inobservancia a nuestras órdenes. De lo anterior, resulta claro que el letrado ha asumido una actitud despreocupada en cuanto a este asunto. Asimismo, ha tomado livianamente nuestros requerimientos.

Así pues, la dejadez y la desidia de este abogado nos obligan a decretar que ha incumplido con su deber de guardar el mayor respeto hacia este Tribunal. Ello, relegando su responsabilidad de regirse por el Código de Ética Profesional, el cual exige diligencia de aquellos y aquellas que ejercen la profesión jurídica.

IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Alexis Alejandro Zúniga del ejercicio de la abogacía y la notaría. La fianza notarial del señor Alejandro Zúniga queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en

cuanto a los actos realizados por el señor Alejandro Zúniga durante el periodo en que la misma estuvo vigente.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Alejandro Zúniga y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Asimismo, se le impone al señor Alejandro Zúniga el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Alexis Alejandro Zúniga por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alexis Alejandro Zúniga          AB-2017-017          Queja

     (TS-16,656)

SENTENCIA

San Juan, Puerto Rico, a 28 de junio de 2017.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Alexis Alejandro Zúniga del ejercicio de la abogacía y la notaría. La fianza notarial del señor Alejandro Zúniga queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el señor Alejandro Zúniga durante el periodo en que la misma estuvo vigente.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Alejandro Zúniga y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Asimismo, se le impone al señor Alejandro Zúniga el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala

del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Alexis Alejandro Zúniga por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo