EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Roberto Rodríguez Cintrón (TS-17,928) | 2017 TSPR 130  198 DPR ____ |
|---|---|

Número del Caso: AB-2016-222

Fecha: 30 de junio de 2017

Abogado del promovido:

      Por derecho propio

Oficina del Procurador General:

      Lcdo. Joseph Feldstein Del Valle
      Subprocurador General

      Lcda. Celia Molano Flores
      Procuradora General Auxiliar

Materia: La suspensión será efectiva el 10 de julio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto Rodríguez Cintrón                AB-2016-222

PER CURIAM

En San Juan, Puerto Rico, a 30 de junio de 2017.

Nuevamente nos vemos obligados a suspender del ejercicio de la abogacía y de la notaría a un miembro de la profesión legal que incumple con los requerimientos de la Oficina del Procurador General y de este Tribunal. Veamos.

I.

El licenciado Roberto Rodríguez Cintrón fue admitido al ejercicio de la abogacía el 17 de agosto de 2010 y al ejercicio de la notaría el 15 de agosto de 2011.

El 16 de julio de 2015, el señor Wilfredo Méndez De Jesús presentó una queja en contra del referido letrado en la que sostuvo, entre otras cosas, que éste abandonó un caso en el cual lo representaba legalmente. El señor Méndez De Jesús nos informó, además, que, a pesar de las múltiples gestiones realizadas, no lograba comunicarse con el abogado en cuestión.

Así las cosas, el 15 de agosto de 2016 la Lcda. Sonnya Isabel Ramos Zeno, Subsecretaria de este Tribunal, le envió una comunicación al licenciado Rodríguez Cintrón en la que le anejó una copia de la referida queja y le concedió un término de diez (10) días para contestar la misma. Aproximadamente un mes después de recibir la referida comunicación, entiéndase el 12 de septiembre de 2016, el licenciado Rodríguez Cintrón presentó su contestación a la misma. En su contestación, en esencia, el letrado negó las alegaciones en su contra.

Contando con la comparecencia de ambas partes, el 11 de octubre de 2016 este Tribunal refirió el asunto a la Oficina de la entonces Procuradora General, Lcda. Margarita Mercado Echegaray, para que realizara una investigación y rindiera el informe de rigor a tenor con la Regla 14 (d) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. Posteriormente, el 7 de febrero de 2017, emitimos una *Resolución* en la que le concedimos a la Oficina del

Procurador General, Lcdo. Luis R. Román Negrón, un término final de veinte (20) días para que concluyera su investigación y rindiera su informe.

Oportunamente, la Oficina del Procurador General compareció ante nos mediante una *Moción Informativa y en Solicitud de Remedio*, en la que nos indicó que el 26 de octubre de 2016 le cursó un requerimiento de información al licenciado Rodríguez Cintrón y le concedió un término de diez (10) días para que completara el mismo, mas éste no compareció. La Oficina del Procurador General también nos informó que, excedido el término concedido y sin haber recibido las contestaciones por parte del letrado, el 17 de noviembre de 2016 se comunicó por la vía telefónica con el licenciado Rodríguez Cintrón, quien le indicó que se encontraba realizando gestiones para proveer la información solicitada. No obstante, el mencionado letrado no cumplió con los requerimientos de dicha Oficina.

Siendo ello así, y en vista de que el licenciado Rodríguez Cintrón no había contestado el mencionado requerimiento de información, el 12 de diciembre de 2016 la Oficina del Procurador General intentó infructuosamente comunicarse con el letrado por la vía telefónica, por lo que se le dejó un mensaje requiriéndole que se comunicara con ésta. No obstante, el letrado en cuestión no se comunicó con la Oficina del Procurador General ni respondió al requerimiento cursado.

Ante el reiterado incumplimiento del licenciado Rodríguez Cintrón con sus requerimientos, el 9 de febrero de 2017 la Oficina del Procurador General le envió una comunicación al letrado vía correo certificado, regular y por correo electrónico, en la que se le concedió hasta el 24 de febrero del mismo año para que sometiera sus contestaciones. El letrado, nuevamente, hizo caso omiso a la referida comunicación.

Así pues, oportunamente, la Oficina del Procurador General nos informó de los problemas que estaba confrontando para que el licenciado Rodríguez Cintrón cumpliera con sus requerimientos. Evaluados los planteamientos de la Oficina del Procurador General, el 19 de abril de 2017 emitimos una *Resolución* en la que le concedimos al letrado un término final e improrrogable de cinco (5) días para comparecer a la Oficina del Procurador General y contestar los requerimientos de información que le fueron cursados. Se le apercibió, además, que el incumplimiento con dicha Resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la abogacía. No empece a ello, el letrado tampoco ha comparecido ante nos.

Es, pues, a la luz del marco teórico y procesal antes expuesto que procedemos a atender este asunto disciplinario sin ulterior trámite.

II.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX, es el cuerpo legal que contiene la normativa deontológica que rige la conducta de toda aquella persona que en nuestro país ejerce la abogacía y la notaría. El mismo tiene como propósito promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa para beneficio de la ciudadanía, de la profesión y de las instituciones de justicia. *In re Franco Rivera*, 2017 TSPR 36, 197 DPR __ (2017); In *re Guzmán Guzmán*, 181 DPR 495 (2011); *In re González Cardona*, 179 DPR 548 (2010).

En lo pertinente al caso que nos ocupa, el Canon 9 del Código de Ética Profesional, *supra*, requiere que todo miembro de la profesión legal observe una conducta que se caracterice por el mayor respeto hacia los tribunales. *In re Montalvo Delgado*, 2016 TSPR 223, 196 DPR___ (2016); *In re Torres Rodríguez*, 188 DPR 304 (2013); *In re Cuevas Borrero*, 185 DPR 189 (2012). Lo anterior incluye, claro está, el deber que tienen los abogados y las abogadas de responder con diligencia a los requerimientos de este Tribunal. *In re López Castro,* 2017 TSPR 50, 197 DPR ___ (2017); *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Salas González*, 193 DPR 387 (2015); *In re Arroyo Rivera*, 182 DPR 732 (2011). Es norma reiterada que la desatención a nuestras órdenes constituye un serio desafío a la autoridad de los tribunales

e infringe el Canon 9 de Ética Profesional, *supra*. *In re Núñez Vázquez,* 2017 TSPR 30*, 197 DPR ___ (2017); In re Pestaña Segovia, 192 DPR 485 (2015); In re De León Rodríguez*, 190 DPR 378 (2014); *In re Dávila Toro*, 179 DPR 833 (2010); *In re González Carrasquillo*, 164 DPR 813 (2005).

Dicho deber –- el de cumplir con nuestras órdenes y requerimientos –- también se extiende a aquellas entidades públicas que, bajo su autoridad, *"están llamadas a intervenir en la consecución de un proceso disciplinario […] como es el caso de la Oficina del Procurador General"*. *In re Maldonado Nieves,* 192 DPR 973, 981 (2015). *Véase* además *In re Pestaña Segovia, supra,* en la pág. 493*; In re García Ortiz*, 187 DPR 507 (2012); *In re López Bocanegra*, 183 DPR 224, 226 (2011). Así pues, *"el incumplimiento con los requerimientos de la Oficina [del] [Procurador] General es igualmente reprochable y acarrea las mismas sanciones que la falta de atención a las órdenes de este Tribunal"*. *In re Maldonado Nieves*, *supra*, en la pág. 981; *In re López Bocanegra*, 183 DPR 224 (2011); *In re Arzón Rivera*, 175 DPR 763 (2009).

En ese sentido, al igual que cuando un abogado o abogada ignora los requerimientos de este Tribunal, cuando éstos ignoran los requerimientos de la Oficina del Procurador General, procede su suspensión inmediata e indefinida del ejercicio de la profesión. *In re Ortiz Álvarez*, 163 DPR 245 (2004). *Véase* además *In re Maldonado Nieves*, *supra*; *In re*

*Chardón Dubós*, 191 DPR 201 (2014); *In re Gutiérrez Prats*, 138 DPR 673 (1991).

III.

Como pudimos apreciar, en lo que respecta al caso de autos, el licenciado Rodríguez Cintrón ha hecho caso omiso a nuestras órdenes y a los requerimientos de la Oficina del Procurador General. Además, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias por su conducta para con el Tribunal.

Dicha conducta, sin lugar a dudas, constituye un patrón de desidia y refleja falta de interés en continuar ejerciendo la profesión. En vista de ello, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Siendo ello así, se le impone al licenciado Rodríguez Cintrón el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena, además, al Alguacil de este Tribunal incautar su obra notarial, incluyendo su sello notarial, y

entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. La fianza notarial del señor Rodríguez Cintrón queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación  en cuanto a los actos realizados por el señor Rodríguez Cintrón durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto Rodríguez Cintrón          AB-2016-222

SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2017.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Roberto Rodríguez Cintrón del ejercicio de la abogacía y la notaría. Además, se le impone al licenciado Rodríguez Cintrón el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena, además, al Alguacil de este Tribunal incautar su obra notarial, incluyendo su sello notarial, y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

La fianza notarial del señor Rodríguez Cintrón queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el señor Rodríguez Cintrón durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo