EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Emily I. Quintana Reyes | 2019 TSPR 143 <br><br> 203 DPR _____ |

Número del Caso:  AB-2007-388
                  (TS-15,828)


Fecha:  13 de agosto de 2019


Oficina del Procurador General:

    Lcda. Zaira Girón Anadón
    Subprocuradora General


Abogado de la parte promovida:

    Por derecho propio


Conducta Profesional: La suspensión será efectiva el 14 de agosto de 2019, fecha en que se le notificó por correo certificado a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Emily I. Quintana Reyes
      (TS-15,828)                    AB-2007-0388

*PER CURIAM*

En San Juan, Puerto Rico, a 13 de agosto de 2019.

Por nuestra autoridad para sancionar y disciplinar a los abogados hoy nos vemos obligados a suspender a la Lcda. Emily I. Quintana Reyes inmediata e indefinidamente de la abogacía y, en consecuencia, de la notaria, porque esta no acató las órdenes de este Tribunal.

I

El 18 de diciembre de 2007, el Sr. Fernando Rodríguez Flores presentó ante nos una queja en contra de la licenciada Quintana Reyes. Alegó que la abogada, en representación de su cliente, el Sr. Jorge Hernández Miller h/n/c Kennedy Auto y Emporium Power Motors, remitió a varios comercios una misiva en la que indicó,

entre otras cosas, que el señor Rodríguez Flores se había comunicado con estos para hacerle falsas representaciones, engañarlos y robarles dinero. Sostuvo que el contenido de la comunicación era falso, lesionaba su carácter y causó daños económicos a sus negocios. Específicamente, indicó que la conducta de la abogada violó los cánones 18 y 35 del Código de Ética Profesional de Puerto Rico, 4 LPRA Ap. IX.

El 25 de febrero de 2008, la Secretaría de este Foro remitió una carta a la licenciada Quintana Reyes en la que se le indicó que en un término de diez días compareciera, por escrito, con sus comentarios y reacciones. El 13 de marzo de 2008, la letrada solicitó un término adicional de treinta días, el que le concedimos.

Eventualmente, el 22 de abril de 2008, la licenciada compareció ante esta Curia. Admitió que su cliente envió por error la carta a la que el quejoso hizo alusión. Sin embargo, explicó que no era un documento oficial sino un borrador que fue preparado por esta para la revisión de su cliente. En apoyo de sus alegaciones, apuntó que la misiva no contenía su firma. Además, notificó que esta representaba a su cliente en dos litigios instados en contra del quejoso. Sostuvo que, con la queja, el señor Rodríguez Flores buscaba disuadirla para que abandonara la defensa de su representado. Por último, la letrada informó que el señor Rodríguez Flores instó una demanda de daños y perjuicios en su contra fundada en los mismos hechos que dieron lugar a la presente queja.

Así las cosas, el 22 de junio de 2009 ordenamos a la Procuradora General realizar una investigación y rendir un informe. En este, la Procuradora indicó que existía un pleito de daños y perjuicios relacionado con los hechos de la presente queja, por lo que entendía que se debía permitir adjudicar la controversia en los tribunales. En consecuencia, recomendó la desestimación de la queja.

El 22 de febrero de 2010, este Foro concedió a las partes un término de veinte días para que se expresaran sobre el Informe presentado por la Oficina de la Procuradora General. En cumplimiento con la orden de este Tribunal, el 14 de abril de 2010, la licenciada Quintana Reyes presentó una moción en la que expresó no tener objeción al aludido informe.

Evaluado el Informe de la Procuradora General y la moción de la licenciada Quintana Reyes, el 7 de mayo de 2010 se decretó la paralización del proceso disciplinario en contra de la abogada. Sin embargo, se ordenó a las partes a que cada sesenta días informaran el estatus del litigio de daños y perjuicios.

Tras las partes incumplir con lo ordenado, el 29 de abril de 2016, se les concedió un periodo de diez días para cumplir con la orden del 7 de mayo de 2010. El 25 de marzo de 2019, se les volvió a conceder el mismo término, pero perentorio.

No empece a lo anterior, las partes hicieron caso omiso a las órdenes del Tribunal, por lo que el 31 de mayo de 2019, se le concedió a la licenciada Quintana Reyes un término de veinte días para que mostrara causa por la cual no debía ser

suspendida del ejercicio de la profesión de la abogacía. De igual modo, se apercibió a la letrada de que, de no comparecer en el término concedido, se entendería que se allanaba al curso de acción intimado.

Entretanto, la Oficina de Alguaciles de este Foro presentó un informe. Indicó que, en el proceso de notificarle personalmente a la licenciada Quintana Reyes la determinación antes reseñada, los alguaciles encontraron que esta no estaba residiendo en Puerto Rico. Notificó que, tras una llamada que recibiera de la abogada, esta informó que vivía en el estado de la Florida desde hacía tres años, por lo que proveyó su número de teléfono, dirección y correo electrónico. Finalmente, surge del expediente ante nuestra consideración que, a petición de la licenciada Quintana Reyes, se le remitieron los documentos a las direcciones que esta proveyó por vía telefónica.

Transcurrido el término provisto, la abogada incumplió con nuestra orden y no compareció.

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, es la disposición legal que regula la exigencia de respeto hacia los tribunales. Este dispone que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". El Canon 9 obliga a todo abogado a cumplir con su deber de atender pronta y diligentemente las órdenes del tribunal y a comparecer a los

señalamientos notificados. In re Landrón Hernández, 2019 TSPR 41, pág. 3, 201 DPR ___ (2019).

Hemos insistido que la indiferencia a la autoridad de este Tribunal no puede ser tomada livianamente. In re Castro Colón, 2019 TSPR 53, pág. 2, 202 DPR ___ (2019). Consecuentemente, los abogados deben seguir la más rigurosa observancia de los requerimientos y responder oportunamente a los señalamientos que les hacemos, como parte de la profesión jurídica. In re Aguilar Gerardino, 2019 TSPR 101, pág. 3, 202 DPR ___ (2019). En reiteradas ocasiones hemos expresado que asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola el Canon 9. In re Figueroa Cortes, 196 DPR 1, pág. 3 (2016). Es por ello, que nos hemos visto obligados a suspender abogados por mostrar una actitud de indiferencia y dejadez con relación a nuestros mandatos y no acogerse a los preceptos que emergen de ese canon. In re Alejandro Zúñiga, 198 DPR 504, 507 (2017).

III

Desde el 2010, este Tribunal emitió varias órdenes a la licenciada Quintana Reyes. A pesar de que le apercibimos de las consecuencias que su incumplimiento acarrearía y le concedimos tiempo más que razonable para comparecer, optó por hacer caso omiso a nuestras órdenes.

La inobservancia de los requerimientos y no responder oportunamente a los señalamientos que le hicimos a la licenciada denota una actitud de menosprecio e indiferencia.

Lo anterior transgrede los preceptos contenidos en el Canon 9, razón suficiente para suspenderla de la profesión jurídica.

IV

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y, como consecuencia, de la notaría, a la Lcda. Emily I. Quintana Reyes.

En el caso de la señora Quintana Reyes estar asumiendo la representación legal de alguna persona deberá notificarle sobre su inhabilidad para continuar representándola y devolverle cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, en un término de treinta días contados a partir de la notificación de esta presente Opinión Per curiam y sentencia.

La obra y el sello notarial de la señora Quintana Reyes se encuentran en posesión de la Oficina de Inspección de Notarías (ODIN), pues esta inició un proceso de cesación voluntaria de la notaria. Ordenamos al Director de la ODIN a continuar con el proceso de inspección de la obra notarial de la señora Quintana Reyes y que nos presente el correspondiente informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de

su terminación en cuanto a los actos realizados por la señora Quintana Reyes mientras la fianza estuvo vigente.

Notifíquese esta Opinión Per curiam y sentencia a las direcciones que la señora Quintana Reyes proveyó mediante comunicación telefónica.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Emily I. Quintana Reyes
     (TS-15,828)                 AB-2007-0388


*SENTENCIA*

En San Juan, Puerto Rico, a 13 de agosto de 2019.

Por los fundamentos expuestos, en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y, como consecuencia, de la notaría a la Lcda. Emily I. Quintana Reyes.

En el caso de la señora Quintana Reyes estar asumiendo la representación legal de alguna persona deberá notificarle sobre su inhabilidad para continuar representándola y devolverle cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, en un término de treinta días contados a partir de la notificación de esta presente Opinión <u>Per curiam</u> y sentencia.

La obra y el sello notarial de la señora Quintana Reyes se encuentran en posesión de la Oficina de Inspección de Notarías (ODIN), pues esta inició un proceso de cesación voluntaria de la notaria. Ordenamos al Director de la ODIN a continuar con el proceso de inspección de la obra notarial de la señora Quintana Reyes y que nos presente el correspondiente informe.

La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la señora Quintana Reyes mientras la fianza estuvo vigente.

Notifíquese esta Opinión <u>Per curiam</u> y sentencia a las direcciones que la señora Quintana Reyes proveyó mediante comunicación telefónica.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Colón Pérez no intervinieron. La Jueza Presidenta Oronoz Rodríguez está inhibida.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo