EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Nilsa L. García Cabrera<br>(TS-9942) | 2020 TSPR 97<br><br>205 DPR _____ |

Número del Caso: AB-2019-227


Fecha: 8 de septiembre de 2020




Materia: La suspensión será efectiva 9 de septiembre de 2020, fecha en que se le notificó a la abogada de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* <br><br> Nilsa L. García Cabrera <br> (TS-9,942) | **Núm.** AB-2019-0227 |

*PER CURIAM*

En San Juan, Puerto Rico, a 8 de septiembre de 2020.

Nos corresponde, nuevamente, ejercer nuestra jurisdicción disciplinaria para ordenar la suspensión inmediata e indefinida de la práctica de la abogacía de una integrante de la profesión legal debido a su incumplimiento con las órdenes de este Tribunal, en contravención al Canon 9 del Código de Ética Profesional, 4 LPRA, Ap. IX, C.9.

**I.**

La Lcda. Nilsa L. García Cabrera fue admitida al ejercicio de la profesión legal el 13 de enero de 1992 y al ejercicio de la notaría el 24 de febrero de 1993.[1] El 31 de octubre de 2019, el Sr. Rubén Flores Vázquez (en adelante, señor Flores Vázquez o promovente) presentó una queja en contra de la licenciada García Cabrera. Según surge de ésta, en el año 2009, la letrada autorizó un testamento abierto en el cual se imputan infracciones a diversas disposiciones, tanto de la Ley Notarial de Puerto Rico, según enmendada, 4 LPRA sec. 2001 *et seq.*, como del

---

[1] Actualmente, la licenciada García Cabrera se encuentra suspendida indefinidamente de la práctica de la notaría. *In re García Cabrera*, 201 DPR 902 (2019).

Reglamento Notarial de Puerto Rico, según enmendado, 4 LPRA Ap. XXIV, en detrimento de los derechos hereditarios del promovente. Los señalamientos esbozados en la queja corresponden, esencialmente, al incumplimiento con los preceptos sobre los testamentos otorgados por personas analfabetas.

El señor Flores Vázquez indicó, además, que el testador -su padre- se encontraba encamado e incapacitado al momento del otorgamiento del testamento. El promovente acompañó su queja con una *Sentencia Parcial*, emitida el 15 de marzo de 2019 por el Tribunal de Primera Instancia del Centro Judicial de Caguas, mediante la cual se declaró nulo el testamento en cuestión y se dispuso que la herencia se dividiría según lo establecido para los caudales intestados.

Así las cosas, el 21 de noviembre de 2019, la Secretaría de este Tribunal le cursó a la licenciada García Cabrera una primera notificación por vía de la cual se le informó de la queja que fue presentada en su contra.[2] Asimismo, conforme a la Regla 14(c) del Reglamento de este Tribunal, se le concedió un término de diez (10) días a la letrada para que presentara su contestación a la queja.[3] Igualmente, se le comunicó la

---

[2] La notificación y la copia de la queja presentada fueron enviadas a la dirección postal provista por la licenciada García Cabrera en el Registro Único de Abogados y Abogadas (RUA).

[3] *Reglamento del Tribunal Supremo de Puerto Rico*, 4 LPRA Ap. XXI-B.

dirección del señor Flores Vázquez y se le advirtió sobre su obligación de notificar a éste cualquier asunto relacionado con la queja. Por último, en la referida misiva se le advirtió a la licenciada García Cabrera que, de no comparecer en el término provisto, la queja podría ser referida sin el beneficio de su contestación a la Oficina del Procurador General, a la Oficina de Inspección de Notarías, o al Pleno del Tribunal, para la acción correspondiente. Del mismo modo, se le apercibió que una incomparecencia la exponía a sanciones disciplinarias severas, entre las cuales figuraba la suspensión del ejercicio de la profesión.

Posteriormente, el 22 de enero de 2020, la Secretaría de este Tribunal emitió una *Segunda Notificación* a la licenciada García Cabrera.[4] Por medio de ésta, se le otorgó un término final de diez (10) días para someter su contestación a la queja presentada. Además, se le informó que, de no comparecer, la queja sería referida a la Oficina del Procurador General para la respectiva investigación, a tenor con la Regla 14 del Reglamento de este Tribunal.[5]

El 6 de marzo de 2020, emitimos una *Resolución* por medio de la cual le concedimos un término de cinco (5) días para que contestara la queja, "según le fue notificada por Secretaría con apercibimiento de suspensión

---

[4] Esta comunicación fue notificada al correo electrónico de la licenciada provisto en el RUA.

[5] *Reglamento del Tribunal Supremo de Puerto Rico, supra.*

del ejercicio de la profesión si incumplía". Resolución del Tribunal Supremo de 6 de marzo de 2020. Este último requerimiento se notificó personalmente a la licenciada García Cabrera el 13 de marzo de 2020. Transcurrido el término concedido, ésta no compareció.[6]

## II.

Hemos expresado en múltiples ocasiones que responder a los requerimientos y acatar las órdenes de este Tribunal constituye un deber insoslayable de todo abogado y abogada admitido a ejercer en nuestra jurisdicción. Esta obligación está subsumida en el Canon 9 del Código de Ética Profesional, el cual requiere que la conducta de todo profesional del Derecho hacia los tribunales se caracterice por el mayor respeto. 4 LPRA Ap. IX, C. 9.

Así, desatender los pronunciamientos de este Tribunal y de sus organismos operacionales constituye una clara infracción a lo dispuesto en el precitado canon, particularmente cuando este agravio ocurre en el transcurso de un procedimiento disciplinario. *In re López Santiago*, 199 DPR 797, 808 (2018); *In re Acevedo Álvarez*,

---

[6] Conviene destacar que el término concedido a la licenciada García Cabrera transcurrió mientras la Rama Judicial se encontraba trabajando bajo un cierre parcial de sus operaciones como medida preventiva para evitar la propagación del Covid-19. Estas circunstancias particulares ocasionaron que se decretara una extensión de todo término judicial que venciera entre el 16 de marzo de 2020 y el 14 de julio de 2020, el cual vencería el 15 de julio de 2020. Véase, *In re: Medidas Judiciales ante situación de emergencia de salud por Covid-19.* 2020 TSPR 44.

199 DPR 1, 6 (2017). No cabe duda de que lo anterior configura una afrenta y menosprecio a nuestro poder inherente de regular el ejercicio de la profesión legal. *In re Contreras Moreno*, 2020 TSPR 73; *In re Echevarría González*, 2020 TSPR 72; *In re Figueroa Cortés*, 196 DPR 1, 3 (2016).

Conforme hemos establecido previamente, la mera inobservancia con las órdenes de este Foro resulta suficiente para imponer sanciones disciplinarias severas, entre éstas, la separación indefinida de la profesión. *In re Chévere Mouriño*, 2020 TSPR 20; *In re Núñez Vázquez*, 202 DPR 709 (2019). Cabe destacar que esta falta a los preceptos éticos que justifica la imposición de sanciones es independiente de los méritos que pudiera tener la queja presentada en contra del integrante de la profesión legal. *In re Montalvo Delgado*, 196 DPR 542, 550 (2016).

**III.**

En el caso de epígrafe, la licenciada García Cabrera desatendió reiteradamente los pronunciamientos y requerimientos que le hiciera este Tribunal. Según surge del expediente, la letrada fue notificada de nuestras órdenes por todos los métodos posibles: mediante correo postal, correo electrónico y personalmente. No obstante, en ninguna de estas instancias la licenciada García Cabrera se sintió compelida a acatar los mandatos de este Foro. Esto, aun cuando se le apercibió en múltiples ocasiones de que podría enfrentarse a sanciones

disciplinarias severas si incumplía con lo requerido por este Tribunal.

La licenciada García Cabrera no sólo contó con poco más de dos (2) meses desde que se le cursó la primera notificación para comparecer ante este Tribunal, sino que ésta pudo haberse valido de la extensión de términos judiciales concedida como respuesta a la emergencia de salud provocada por el Covid-19. Es decir, la licenciada García Cabrera dispuso de cerca de seis (6) meses para preparar su contestación a la queja y presentarla ante este Tribunal. Al día de hoy, no lo ha hecho.

Ponderado el trámite fáctico aquí expuesto, es indiscutible la desidia, dejadez e indiferencia hacia la autoridad de este Tribunal, patentes en el proceder de la licenciada García Cabrera. Por lo tanto, resulta forzoso separarla indefinidamente del ejercicio de la profesión jurídica. Conforme a esto, procede el archivo administrativo de la otra queja que actualmente se tramita ante este Tribunal en contra de ésta hasta tanto sea reinstalada al ejercicio de la profesión.[7]

**IV.**

---

[7] La queja AB-2018-0199 (querella CP-2020-0007) fue presentada en contra de la licenciada García Cabrera el 31 de julio de 2018. Conviene destacar que, tal como ha ocurrido en el curso de este proceso disciplinario, la letrada ha incumplido con las resoluciones de este Tribunal en el trámite de esa queja.

Por todo lo anterior, decretamos la suspensión inmediata e indefinida de la licenciada García Cabrera de la práctica de la abogacía.

En caso de que se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Se ordena, además, el archivo administrativo de los otros procesos disciplinarios que actualmente se tramitan ante este Tribunal en contra de la señora García Cabrera hasta tanto ésta sea reinstalada al ejercicio de la profesión.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). El recibo de la notificación será confirmado por la vía telefónica.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| *In re*<br><br>Nilsa L. García Cabrera<br>(TS-9,942) | **Núm.** AB-2019-0227 |

SENTENCIA

En San Juan, Puerto Rico 8 de septiembre de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se decreta la suspensión inmediata e indefinida de la Lcda. Nilsa L. García Cabrera del ejercicio de la abogacía en Puerto Rico.

En caso de que se encuentre representando clientes ante nuestros tribunales en la actualidad, la señora García Cabrera deberá notificarles a éstos de su inhabilidad para continuar representándolos, devolver los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Asimismo, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar a este Tribunal, dentro de un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimiento con lo anterior. Se ordena, además, el archivo administrativo de los otros procesos disciplinarios que actualmente se tramitan ante este Tribunal en contra de la señora García Cabrera hasta tanto ésta sea reinstalada al ejercicio de la profesión.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) a la señora García Cabrera. El recibo de la notificación será confirmado por la vía telefónica.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres concurre y hace constar la siguiente expresión:

"El Juez Asociado señor Martínez Torres hace constar que concurre con la sanción impuesta, pero discrepa de que la queja pendiente, AB-2018-0199, se archive hasta que se reinstale la licencia de la abogada para practicar la profesión legal. Considera que procede archivar la queja administrativamente en este momento,

pero la queja se debe reactivar y adjudicar una vez se presente una solicitud de reinstalación, no después de que esta se decrete. Se protege así el interés público al prevenir la concesión de una licencia a una persona que no esté apta éticamente para practicar la abogacía. Por eso hay que adjudicar primero la queja. Ese es el mismo trato que se da a una persona que solicita la licencia por primera vez. Cualquier planteamiento sobre su capacidad ética se dilucida antes de otorgarle la licencia. No ve razón para que no se siga el mismo trámite en una solicitud de reinstalación de la licencia. Ambas tienen el mismo alcance, pues se activa una licencia profesional."


José Ignacio Campos Pérez
Secretario del Tribunal Supremo