EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Javier Pérez Rojas<br>(TS-9,428) | 2025 TSPR 90<br><br>216 DPR ___ |

Número del Caso:  CP-2020-0015


Fecha:  12 de septiembre de 2025


 Oficina del Procurador General:


        Hon. Omar Andino Figueroa
        Procurador General

        Lcda. Yaizamarie Lugo Fontánez
        Procuradora General Auxiliar


Representante legal del querellado:

        Por derecho propio


Comisionada Especial:

        Hon. Crisanta González Seda



Materia:  Conducta Profesional – Censura enérgica por violación a los Cánones 9, 33 y 38 de Ética Profesional.



Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>Javier Pérez Rojas<br>(TS-9,428) | CP-2020-0015 | |

**_PER CURIAM_**

En San Juan, Puerto Rico, a 12 de septiembre de 2025.

Nuevamente tenemos la obligación de evaluar la conducta del Sr. Javier Pérez Rojas (señor Perez Rojas o querellado)[1] y determinar si este infringió los Cánones 9, 33 y 38 de Ética Profesional, 4 LPRA Ap. IX.

**I**

El señor Pérez Rojas fue admitido al ejercicio de la abogacía el 3 de enero de 1990 y a la práctica de la notaría el 31 de enero de 1990. El 18 de mayo de 2016 fue suspendido inmediata e indefinidamente del ejercicio de la abogacía por desobedecer nuestras órdenes y no contestar una queja disciplinaria. Véase, _In re Pérez Rojas_, 195 DPR 571 (2016).

El 5 de abril de 2018, el Sr. Daniel A. Vélez Rivera (señor Vélez Rivera o promovente) presentó una Queja

_____

[1] En la actualidad el Sr. Javier Pérez Rojas se encuentra suspendido indefinidamente del ejercicio de la abogacía como consecuencia de lo resuelto en _In re Pérez Rojas_, 214 DPR 497 (2024).

contra el suspendido abogado. En resumen, indicó que el 9 de enero de 2018 contrató al señor Pérez Rojas para que lo representara en un caso de familia sobre comunicaciones y relaciones paternofiliales, con respecto a una hija que fue trasladada por su madre al estado de la Florida. Insatisfecho con el poco avance de la gestión, el señor Vélez Rivera investigó sobre el señor Pérez Rojas y advino en conocimiento que este último se encontraba suspendido de manera indefinida de la profesión legal. Así las cosas, solicitó que se le ordenará al señor Pérez Rojas a devolverle los mil cien dólares ($1,100) que había pagado por adelantado.

El 5 de abril de 2018, la Secretaria de este Tribunal remitió copia certificada de la Queja al Departamento de Justicia ya que le compete al Fiscal General del Departamento de Justicia investigar los asuntos que impliquen práctica ilegal de la Abogacía. El 13 de abril de 2018 ordenamos el archivo administrativo de la presente Queja. Hicimos lo anterior debido a que el señor Pérez Rojas se encontraba suspendido al momento de presentarse la misma. Luego, el 18 de mayo de 2018, concedimos la reinstalación del señor Pérez Rojas al ejercicio de la abogacía, mas no así de la notaría. Consecuentemente, se ordenó la reactivación de cuatro Quejas que este tenía pendiente en su expediente

disciplinario, inclusive la que hoy adjudicamos.[2] Así las cosas, ordenamos que el querellado contestara, dentro del término de treinta (30) días, las Quejas en su contra.

Vencido el término, y sin que el señor Pérez Rojas presentara su contestación a la Queja, el 21 de junio de 2018 referimos a la Oficina del Procurador General de Puerto Rico, la Queja AB-2018-0053 para su investigación e informe.

Posteriormente, el 21 de agosto de 2018 la Oficina del Procurador General presentó su Informe. En este, señaló que el señor Pérez Rojas no contestó dentro de los términos concedidos por el Tribunal la Queja presentada en su contra. También, señaló que tras recibir el caso, la Oficina del Procurador General le concedió al señor Pérez Rojas un término de diez (10) días, que vencía el 12 de julio de 2018, para contestar la Queja y presentar toda documentación que sustente sus alegaciones, término que el abogado incumplió. Concluyó que la conducta del señor Pérez Rojas era contraria a los Cánones 9 y 12 del Código de Ética Profesional, *supra.*

Así las cosas, el 23 de agosto de 2018, vencidos todos los términos concedidos por este Tribunal y la Oficina del Procurador General, el abogado presentó su *Contestación a queja*. En resumen, aceptó los hechos que dieron origen a este procedimiento. Sostuvo que se reunió con el señor Vélez Rivera, quien fue referido por un

---

[2] En particular se ordenó la reactivación de las quejas AB-2014-0454, AB-2016-0098, AB-2017-0176 y la AB-2018-0053.

tercero, para que lo orientara sobre sus alternativas en el asunto de relaciones paternofiliales con su hija. El letrado alegó que le informó al señor Vélez Rivera que era abogado pero que no estaba ejerciendo la profesión por haber sido suspendido, no obstante que este le insistió que lo ayudara. Por lo cual, el querellado procedió a enviar una carta y comunicarse con la abogada de la madre de la menor para resolver el asunto mediante una propuesta extrajudicial. Plasmó que luego el señor Vélez Rivera solicitó radicar la reclamación en el Tribunal y que volvió a orientar al promovente sobre la diferencia entre ser abogado y ser licenciado.

Expresó sus más sinceras disculpas por el malentendido sobre cuál era su función y lo que podía hacer para el señor Vélez Rivera. Adujo que nunca tuvo la intención de dar la impresión de ser un abogado admitido a la práctica o de practicar sin ser autorizado por el Tribunal Supremo de Puerto Rico, y que posteriormente devolvió el dinero que había recibido. En esta contestación, el abogado no certificó haber enviado copia a la Oficina del Procurador General.

El 4 de noviembre de 2019, se presentó el *Informe final del Procurador General*.[3] En este el Procurador

---

[3] En el ínterin, el 27 de noviembre de 2018, compareció el Procurador General para solicitar la paralización del proceso disciplinario. Sostuvo que, luego de recibir la *Contestación a queja* e iniciar nuevamente la investigación del asunto, advino en conocimiento que el Departamento de Justicia había iniciado una investigación criminal por los mismos hechos alegados en la Queja, a saber, el ejercicio ilegal de la profesión mientras el querellado se encontraba suspendido.

General concluyó que tras investigar las alegaciones de la Queja existía evidencia clara, robusta y convincente de que el señor Pérez Rojas ejerció y aparentó que podía ejercer la abogacía mientras se encontraba suspendido de la profesión, violentando así los Cánones 33 y 38 de Ética Profesional, *supra*. Además, el Informe final mantuvo que la conducta del señor Pérez Rojas durante este proceso disciplinario violentó los Cánones 9 y 12 del Código de Ética Profesional, *supra*. Así las cosas, **recomendó la suspensión del señor Pérez Rojas o el inicio de un procedimiento disciplinario en su contra.**

El 9 de enero de 2020, el querellado presentó su *Contestación al Informe del Procurador General*. En síntesis, arguyó que nunca tuvo la intención de inducir a error al promovente. Sostuvo que le hizo claro que no era licenciado y que las gestiones fueron dirigidas a que las partes lograran un acuerdo sin necesidad de acudir al tribunal. Añadió que, ante el presunto malentendido del señor Pérez Rojas devolvió el dinero que había recibido del señor Vélez Rivera el 26 de marzo de 2018. Además, resaltó que aceptaba los hechos por los cuales se originó la Queja.

Evaluado lo anterior, el 6 de marzo de 2020 ordenamos a la Oficina del Procurador General a presentar

---

El 25 de enero de 2019, este Tribunal concedió la paralización. El 5 de septiembre de 2019, ya cerrada la investigación y a petición del Procurador General, se dejó sin efecto la paralización y se ordenó al Procurador General a que finalizara la investigación y presentara el correspondiente Informe.

la Querella correspondiente. En consecuencia, el 18 de septiembre de 2020 se presentó la Querella que imputó los tres cargos siguientes:

A. Primer cargo: El licenciado Pérez infringió los preceptos del Canon 33 de Ética Profesional, 4 LPRA Ap. IX. C. 33, ya que ejerció y aparentó que podía ejercer la abogacía cuando se encontraba suspendido del ejercicio de la profesión. Ello, al asesorar al señor Vélez, comprometerse a representarlo extrajudicialmente, realizar gestiones extrajudiciales con la abogada de la otra parte, recibir honorarios por ello, y al identificarse en diversas instancias como abogado y parte de un estudio legal.

B. Segundo cargo: El licenciado Pérez violó el Canon 38 de Ética Profesional, 4 LPRA Ap. IX. C. 38, ya que no exaltó el honor y la dignidad de la profesión legal, ni evitó incurrir en conducta impropia o en la apariencia de esta. Ello, al realizar gestiones relacionadas al ejercicio de la abogacía y al dar la impresión de que estaba admitido al ejercicio de la profesión mientras se encontraba suspendido, y al cobrarle honorarios al señor Vélez por gestiones que estaba legalmente impedido a realizar.

C. Tercer cargo: El licenciado Pérez infringió el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, C. 9, ya que no cumplió oportunamente con las órdenes de la Secretaría de este Alto Foro y el requerimiento de la Oficina del Procurador General para contestar la queja que inició este procedimiento disciplinario.

Tras contestarse la Querella y estando pendiente el asunto, el 21 de noviembre de 2023 se adjudicó la Querella CP-2019-0004. Véase, *In re Pérez Rojas*, 213 DPR 244 (2023). En esta, se suspendió al señor Pérez Rojas del ejercicio de la abogacía y la notaría por un término de treinta (30) días dado a que incumplió con nuestra Orden de notificar a sus clientes sobre el dictamen disciplinario que recayó en su contra en el 2016. En

particular, tras ser suspendido en el 2016, el señor Pérez Rojas desatendió un caso ante el Tribunal de Primera Instancia sin notificarle a sus clientes que había sido suspendido.

El 20 de diciembre de 2023 se ordenó el archivo administrativo de la presente Querella. Luego, el 30 de enero de 2024, el señor Perez Rojas fue readmitido al ejercicio de la abogacía y se reactivó esta Querella. No obstante, el 26 de junio de 2024 mediante una *Opinión Per Curiam* nuevamente se suspendió al señor Perez Rojas de manera inmediata e indefinida del ejercicio de la abogacía. Véase, *In re Pérez Rojas,* 214 DPR 497 (2024). Lo anterior sucedió, dado a que no encaminó el proceso de subsanación de la obra notarial de varias deficiencias que identificó la Oficina de Inspección de Notarías, a pesar de los términos concedidos para ello. De igual forma, se refirió al señor Pérez Rojas a un procedimiento de desacato.

Luego de solicitar su reinstalación, el 17 de diciembre de 2024 emitimos una *Resolución* haciendo constar que **no se consideraría la reinstalación del señor Pérez Rojas hasta tanto se resolviera la Querella CP-2020-0015.** Siendo así, ordenamos la reactivación de la Querella CP-2020-0015 y la continuación de los procedimientos. Poco después, el 22 de enero de 2025, se designó a la Lcda. Crisanta González Seda como

Comisionada Especial, para recibir la prueba correspondiente y rendir un Informe a esos efectos.

Tras varios incidentes procesales, la Comisionada Especial rindió su Informe. Según surge del mismo, las partes sometieron el caso por el expediente y la Comisionada Especial concluyó que había prueba clara, robusta y convincente de los cargos imputados al señor Pérez Rojas. Además, reconoció que durante el procedimiento el querellado aceptó su conducta y expresó su pesar por la situación, devolvió los honorarios cobrados al promovente y pidió excusas por su conducta.

## II

Es sabido que el Código de Ética Profesional constituye las normas mínimas sobre la conducta de los miembros de la profesión legal que ejercen la abogacía. Preámbulo de los Cánones de Ética Profesional, 4 LPRA Ap. IX. El incumplimiento con las normas que impone el ordenamiento ético y la ley acarrea la imposición de sanciones disciplinarias. *In re Torres Alvarado*, 212 DPR 477, 485 (2023); *In re Irizarry Irizarry*, 190 DPR 368, 374 (2014).

Así las cosas, el Canon 9 del Código de Ética Profesional, *supra*, dispone que el abogado debe observar hacia los tribunales una conducta caracterizada por el mayor respeto. En particular, se ha resuelto que todo miembro de la profesión legal debe responder a los requerimientos de esta Curia de manera oportuna y

diligente, más aún si estos surgen de un trámite disciplinario. *In re Irizarry Irizarry*, *supra*. El incumplir con las órdenes de un tribunal denota una actitud de menosprecio e indiferencia hacia la autoridad de este último y constituye una violación al Canon 9. *In re Carmona Rodríguez*, 206 DPR 863, 868 (2021).

Este Tribunal ha recalcado que los deberes que surgen de este Canon se extienden a los requerimientos que realicen otras entidades públicas en el proceso disciplinario, entre estas, la Oficina del Procurador General. *In re Cardona Estelritz*, 212 DPR 649, 664 (2024). Además, en los procesos disciplinarios, la desatención de los requerimientos realizados además causa demoras irrazonables en el trámite de los casos, afectando la administración de la justicia. *In re López Santiago,* 199 DPR 797, 808 (2018).

El Canon 33 del Código de Ética Profesional, *supra*, prohíbe la práctica de la abogacía en Puerto Rico sin la autorización del Tribunal Supremo de Puerto Rico.[4] Lo

---

[4] De igual forma, la Sec. 7 de la Ley Núm. 17 del 10 de junio de 1939, conocida como Ley del Ejercicio de la Abogacía y del Notariado, 4 LPRA sec. 727, dispone:

Ninguna persona que no sea abogado autorizado por el Tribunal Supremo de Puerto Rico podrá dedicarse al ejercicio de la profesión de abogado, ni anunciarse como tal, ni como agente judicial, ni gestionar, con excepción de sus asuntos propios, ningún asunto judicial o cuasi judicial ante cualquier tribunal judicial; Disponiéndose, que la infracción de cualquiera de las disposiciones contenidas en esta sección, se considerará y castigará como un delito menos grave; Disponiéndose, además, que se considerará como malpractice y como causa suficiente para desaforo el hecho de cualquier abogado autorizar con su firma escrituras, alegaciones y documentos en que dicho abogado no sea bona fide el verdadero abogado o notario del asunto o sustituto de dicho abogado o notario; y Disponiéndose, también, que los fiscales tendrán el deber

anterior constituye "un ejercicio del poder de razón de estado para la protección del público de personas no cualificadas o no diestras". *In re Gervitz Carbonell*, 162 DPR 665, 701-702 (2004). En lo pertinente al caso de autos, este canon dispone, lo siguiente:

> [. . .]b) A menos que esté autorizada a ejercer la práctica de la abogacía en Puerto Rico ninguna persona podrá:
> 1) establecer una oficina o cualquier otra presencia continua y sistemática para ejercer la abogacía en Puerto Rico; o
> 2) hacer creer al público o aparentar de cualquier manera que puede ejercer la abogacía en Puerto Rico.

Así las cosas, hemos determinado que constituye conducta impropia el que mientras una persona esté suspendida, "realice actos que constituyan el ejercicio de la profesión o la apariencia de ello". *In re Gordon Menéndez I*, 171 DPR 210, 215 (2007). Hemos postulado que ejercer la profesión durante un periodo de suspensión debe ser sancionado severamente, por constituir tanto un desafío insólito a nuestro poder de reglamentar la profesión como una práctica ilegal de la abogacía. Íd.

La suspensión de la práctica no debe tomarse de manera liviana "pues esta paraliza, inhabilita y le proscribe al abogado que, por el término dictaminado, ejerza la profesión legal. Ni siquiera debe arriesgarse en aparentarlo". *In re Pérez Rojas*, *supra*, pág. 260. De

---

de investigar las infracciones de esta sección, y en caso de que encontraren justa causa, podrán solicitar del Tribunal Supremo el desaforo temporal o permanente de cualquier abogado o notario que hubiere infringido las anteriores disposiciones.

igual forma, mientras un abogado se encuentra suspendido no puede realizar gestión profesional alguna porque "[s]i permitiéramos que un abogado suspendido del ejercicio de la profesión determine a su discreción qué tipo de gestiones profesionales puede realizar y de cuáles debe abstenerse, estaríamos consintiendo una anarquía impermisible en un sistema de orden, como debe ser el sistema judicial". *In re Cepeda Parrilla*, 108 DPR 527, 530 (1979). Por último, bajo lo prohibición del Canon 33 un abogado no admitido a nuestra jurisdicción no puede suministrar consejo legal a un cliente, aunque se trate de un asunto fuera de los tribunales. *In re Wolper et al.*, 189 DPR 292, 302 (2013).

En cuanto a la apariencia que una persona puede ejercer la abogacía en Puerto Rico hemos señalado que es lo que precisamente se sanciona mediante el Canon 38. *In re Gordon Menéndez I*, *supra*.[5] El Canon 38 del Código de Ética Profesional, *supra*, expresa en lo pertinente que "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Siendo ello así, hemos señalado que los actos de los abogados se reflejan en la profesión, por lo que el abogado

---

[5] A manera de ejemplo, en *In re Gordon Menéndez I*, 171 DPR 210, 215 (2007), señalamos que es contrario al Canon 38 de Ética Profesional "que un abogado suspendido comparezca a un foro investigativo con una persona que había sido su cliente y se identifique utilizando las credenciales del Colegio de Abogados".

que incurre en apariencia de conducta impropia viola el Canon 38 del Código de Ética Profesional, *supra*, pues estaría "quebrantando el deber de exaltar el honor y la dignidad de la profesión legal". *In re Mártir González*, 214 DPR 1204, 1219 (2024) (citando a *In re Soto Aguilú*, 202 DPR 137 (2019)). Por otro lado, hemos señalado que utilizar el título de licenciado mientras un abogado está suspendido de la profesión violenta el Canon 38, porque crea la apariencia impropia de estar ejerciendo la profesión. *In re Rodríguez Zayas II*, 190 DPR 796 (2014) (Resolución).

Por último, al disciplinar abogados que han infringido el Código de Ética Profesional este Tribunal ha considerado varios factores para determinar la sanción correspondiente. Específicamente, hemos considerado como criterios o factores relevantes: (1) la reputación del abogado en la comunidad; (2) su historial disciplinario; (3) si la conducta es una aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa frívola de su conducta; (6) si ocasionó perjuicio a alguna parte; (7) si resarció al cliente o la clienta; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fuera imputada y, (9) otros atenuantes o agravantes que surjan de los hechos. *In re Roldán González*, 195 DPR 414, 425 (2016).

## III

Primeramente, del trasfondo procesal no surgen dudas que el señor Pérez Rojas violentó el Canon 9 de Ética Profesional una vez comenzó este proceso disciplinario.

En particular, incumplió con el término concedido por este Tribunal para contestar la Queja y el requerimiento de la Oficina del Procurador General para que se expresara en cuanto a la misma. Esta conducta trastocó el trámite disciplinario, requiriendo que el Procurador presentara un Informe sobre la conducta del abogado sin entrar en las alegaciones de la Queja presentada. La anterior desidia ante las órdenes de este Tribunal y los requerimientos de sus brazos operacionales refleja un incumplimiento con la conducta exigida por el Canon 9 del Código de Ética Profesional, *supra*.

Por otro lado, la prueba documental sometida y los escritos de las partes demuestran que el 9 de enero de 2018, aun suspendido del ejercicio de la abogacía, el señor Pérez Rojas se reunió con el señor Vélez Rivera. Además, surge que esta reunión era para asesorar al señor Vélez Rivera sobre las alternativas que este tenía ante el hecho que la madre de su hija se había trasladado al estado de la Florida. Como parte de esa reunión, se preparó una hoja de contacto con el encabezado de Estudio Legal del Pilar, perteneciente a la hermana del querellado, y se identificaba al señor Pérez Rojas con el título de "Lcdo.". El señor Pérez Rojas acordó realizar gestiones a favor del señor Vélez Rivera quien tenía el interés de tener comunicación y relaciones paternofiliales con su hija. En representación del señor Vélez Rivera el querellado se comunicó y envió una carta

a la abogada de la madre de la menor, que contenía una propuesta para atender extrajudicialmente las relaciones paternofiliales y patria potestad, inclusive sugiriendo la posibilidad de radicar un escrito donde se recojan los acuerdos alcanzados. Este escrito se envió desde el correo electrónico del Estudio Legal del Pilar.

Además, para realizar estas gestiones en enero de 2018, el señor Vélez Rivera pagó al querellado mil cien dólares ($1,100). El querellado le entregó dos recibos al señor Vélez Rivera, con fechas del 11 de enero de 2018 y "enero de 2018" por $600 y $500, respectivamente. **En uno de estos en el encabezado hacía referencia al Estudio Legal del Pilar y al "Lcdo. Javier Pérez Rojas".** Tras la gestión no rendir frutos el señor Vélez Rivera solicitó al querellado su renuncia y la devolución del dinero. Este dinero fue devuelto el 26 de marzo de 2018.

De los hechos anteriormente reseñados, surge que mientras estaba suspendido de la profesión el señor Pérez Rojas aparentó y ejerció la abogacía en nuestra jurisdicción en directa violación a los Cánones 33 y 38 de Ética Profesional, *supra*. Según indicado, el Canon 33 de Ética Profesional, *supra*, prohíbe que un abogado no autorizado a ejercer la profesión suministre consejo legal a un cliente, aunque se trate de un asunto fuera de los tribunales o de realizar gestiones a favor de estos. Estando suspendido, el señor Pérez Rojas no podía llevar a cabo gestión alguna a favor de sus clientes y mucho

menos comenzar una nueva relación abogado-cliente. Durante dicho periodo, este tampoco podía identificarse como licenciado en los documentos que entregó al señor Vélez Rivera, ya que su uso creaba la apariencia de que estaba autorizado a ejercer la profesión.

Lo anterior no implica un mero malentendido, como sugiere el señor Pérez Rojas, sobre lo que podía o no hacer a favor de su cliente mientras se encontraba suspendido, sino que constituye una conducta de práctica ilegal de la abogacía que, además, menosprecia la autoridad disciplinaria de este Foro que lo suspendió de manera inmediata e indefinidamente del ejercicio de la abogacía el 18 de mayo de 2016. En resumen, el querellado cobró honorarios por sus gestiones y le envió documentos al promovente, tales como: recibos y formularios en los que se le identificaba como Lcdo. Javier Pérez Rojas. Además, se comunicó con otra abogada a nombre del promovente, haciendo ofertas de tal manera que lo proyectaba como representante legal de este.

Visto que la evidencia es clara, robusta y convincente en cuanto a las violaciones de los Cánones 9, 35 y 38 de Ética Profesional, *supra*, nos corresponde determinar una sanción adecuada. Ciertamente, tras su inicial incomparecencia, el señor Pérez Rojas aceptó los hechos contenidos tanto en la Queja como en la Querella. Al igual, devolvió lo pagado en honorarios y expresa su sincero arrepentimiento por la conducta desplegada. Sin

embargo, no podemos pasar por alto que no es la primera ocasión que nos vemos obligados a disciplinar al señor Pérez Rojas. Siendo así, considerando la totalidad del expediente y la severidad de la conducta incurrida, entendemos que el proceder del señor Pérez Rojas amerita una suspensión del ejercicio de la abogacía. No obstante, debido a que al presente este se encuentra suspendido indefinidamente, procedemos a censurarlo enérgicamente como sanción disciplinaria por las violaciones imputadas en la Querella de epígrafe. Así las cosas, lo resuelto hoy se tomará en cuenta para solicitudes futuras de reinstalación a la profesión legal que presente el querellado.[6]

## IV

Por los fundamentos expuestos, se censura enérgicamente al señor Pérez Rojas.

Notifíquese al señor Pérez Rojas esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia en conformidad.

---

[6] En *In re Cardona Estelritz*, 212 DPR 649, 670 (2023) este Tribunal resolvió que la conducta, del ahí querellado, era contraria a los Cánones 9, 12, 18, 35 y 38 de Ética profesional, *supra*, y ameritaba la suspensión de la profesión, pero debido a que el querellado se encontraba suspendido indefinidamente se procedió a censurarle enérgicamente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Javier Pérez Rojas<br>(TS-9,428) | CP-2020-0015 |  |

SENTENCIA

En San Juan, Puerto Rico, a 12 de septiembre de 2025.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se censura enérgicamente al Sr. Javier Pérez Rojas.

Notifíquese al señor Pérez Rojas esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo